Connie KINGREY, Appellant,

v.

James R. WHITLOW, Appellee.

No. 2003–CA–000328–DG.

Court of Appeals of Kentucky.

Feb. 20, 2004.

Discretionary Review Denied by Supreme Court Dec. 8, 2004.

Lisa A. Beran, Kentucky Domestic Violence Association, Frankfort, KY, for Appellant.

Morris Lowe, Bowling Green, KY, for Appellee.

Before EMBERTON, Chief Judge; BUCKINGHAM and KNOPF, Judges.

## OPINION

BUCKINGHAM, Judge.

This case presents an issue of first impression concerning whether a domestic violence order (DVO) issued pursuant to KRS[1] 403.750 may be reissued in the absence of proof that domestic violence or abuse occurred during the prior period the order was effective. Contrary to the circuit court, we conclude that such an order may be reissued. Thus, we reverse and remand.

The petitioner/appellant, Connie Kingrey, and the respondent/appellee, James R. Whitlow, were married for approximately 27 years. They are now divorced. On June 25, 1997, the Allen District Court issued a DVO directed against Whitlow. The order stated that it was effective until July 1, 1998.

Whitlow was arrested in May 1998 for violating the terms of the order. On June 3, 1998, the district court extended the terms of the order for one year. Whitlow was later convicted for violating the terms of the order.

Near the end of the second one-year period, the district court reissued the order for an additional three years to May 15, 2002. On April 10, 2002, shortly before the expiration of the extension, the district court reissued the order for an additional three years until March 1, 2005. Pursuant to the terms of the orders, Whitlow was not to have firearms in his possession. In fact, he had turned 21 firearms over to the Allen County Sheriff to hold pursuant to directions in the orders.

Prior to the reissuance of the order for an additional three-year period, a hearing was held in the Allen District Court. Kingrey was present but was not represented by counsel at the hearing. Whitlow was present and was represented by counsel. Kingrey admitted that during the previous three-year period Whitlow had not contacted her or made any threats against her. However, she testified that she continued to be afraid of him. Whitlow testified that he had not made any threats against Kingrey, had not contacted or tried to contact her, and did not know where she lived. The district court reissued the DVO for an additional three years without making specific findings.

Whitlow appealed the amended order to the Allen Circuit Court. The circuit court reversed the district court's order and directed that Whitlow's firearms be returned to him. The circuit court stated that "[i]n order for the appellee [Kingrey] to have a domestic violence order in place the appellant [Whitlow] must be found to have committed an act or acts of domestic violence and abuse subsequent to May 19, 1999 [the date of the amended order reissuing the original order for an additional three years]. There is no evidence that he has

1. Kentucky Revised Statutes.

done so." Further, in interpreting the applicable statute, the circuit court stated that "[a] reasonable inference is that reissuance of a domestic violence order, the same as original issuance of such an order, must be predicated on the findings required by KRS 403.750(1)."

Following the circuit court's opinion and order, Kingrey petitioned this court to grant discretionary review. We accepted this case and also granted Kingrey's motion for intermediate relief. Pursuant to our order, the district court reissued the DVO.

KRS 403.750(1) provides that the district court may enter a domestic violence order "if it finds from a preponderance of the evidence that an act or acts of domestic violence and abuse have occurred and may again occur[.]" "Domestic violence and abuse," as defined in the statutes, includes "physical injury, serious physical injury, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members or members of an unmarried couple[.]" KRS 403.720(1). A DVO may restrain the adverse party from certain conduct, including contacting or communicating with the victim, committing further acts of domestic violence and abuse, and disposing of or damaging any of the parties' property. KRS 403.750(1)(a)-(c).

KRS 403.750(2) provides for the reissuance of a DVO. It states as follows:

Any order entered pursuant to this section shall be effective for a period of time, fixed by the court, not to exceed three (3) years and may be reissued upon expiration for an additional period of up to three (3) years. The number of times an order may be reissued shall not be limited. With respect to whether an order should be reissued, any party may present to the court testimony relating to the importance of the fact that acts of domestic violence or abuse have not occurred during the pendency of the order.

KRS 403.750(2).

Kingrey argues that the circuit court erred in its order reversing the district court when it concluded that in order for a DVO to be reissued upon expiration, the respondent must have committed an additional act or acts or domestic violence and abuse subsequent to the issuance of the earlier DVO. We agree. The statute provides that a DVO may be reissued upon expiration for an additional period up to three years. Furthermore, the statute clearly states that the number of times a DVO may be reissued "shall not be limited." KRS 403.750(2).

The statute does not state the conditions under which a DVO may be reissued. However, it does state that any party may present testimony concerning the importance of the fact that domestic violence or abuse may not have occurred during the pendency of the previous order. KRS 403.750(2). Contrary to the circuit court's interpretation, we do not read the statute as requiring proof of additional acts of domestic violence or abuse during the prior period before a DVO may be reissued. Rather, the statute makes it clear that testimony that such acts did not occur may be presented for the court's consideration in determining whether or not to reissue the order.

Whitlow argues that it would be illogical for a DVO to be reissued in the absence of proof that domestic violence or abuse had occurred during the prior period. He asserts that it was common sense for the legislature to put a three-year limitation period in the statute and that persons should not be required to live continuously under the "shackles" of a DVO. On the

other hand, Kingrey argues with equal fervency that the circuit court's interpretation of the statute was illogical. She maintains that if subsequent acts of domestic violence or abuse were required to be proven before the reissuance of a DVO, then there would be no need to reissue a DVO since the victim could simply file a new petition alleging new acts. In addressing these arguments we note that the Kentucky Supreme Court has continuously held "that statutes should not be interpreted so as to bring about absurd or unreasonable results." *Estes v. Commonwealth,* Ky., 952 S.W.2d 701, 703 (1997).

KRS 446.080(1) provides in part that "[a]ll statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature[.]" In addition to the language in the statute itself, we conclude it is logical to believe that the legislature intended to give the district courts authority to reissue DVOs even in the absence of additional acts of domestic violence and abuse during the prior period. The domestic violence and abuse statutes are to be interpreted by the courts to allow victims to obtain protection against further violence and abuse. *See* KRS 403.715(1). If a DVO has been effective in giving protection to a victim of domestic violence and abuse, then the district court should not be required to reject a request to extend the effective period of the DVO simply because no additional acts have occurred. In other words, the fact that a DVO has been effective in preventing acts of domestic violence and abuse is not a reason to require the court to remove the protection that had previously been afforded to the victim. Rather, it is merely a factor for the court to consider when faced with a request to reissue the DVO.

The opinion and order of the Allen Circuit Court is reversed, and the amended DVO by the Allen District Court is reinstated.

EMBERTON, Chief Judge, Concurs.

KNOPF, Judge, Concurs and Files Separate Opinion.

KNOPF, Judge, concurring.

I fully agree with the majority that KRS 403.750(2) does not require proof of additional acts of domestic violence during the prior period before a domestic violence order (DVO) may be renewed. However, I write separately to clarify the grounds necessary to support renewal of a DVO. It is important to remember that a person subject to a DVO is placed under significant restrictions. Consequently, a DVO should not be renewed merely at the request of the petitioning party. Rather, there must be some showing of a continuing need for the DVO.

Under KRS 403.750(1), a court may issue a DVO "if it finds from a preponderance of the evidence that an act or acts of domestic violence and abuse have occurred *and may again occur* ...." (Emphasis added). In making the decision to renew a DVO, "the fact that acts of domestic violence or abuse have not occurred during the pendency of the order," KRS 403.750(2), is a relevant, but not a controlling factor in making such a determination. The critical issue is whether the court finds that future acts of domestic violence remain a reasonable probability. There may be other conduct or circumstances, not amounting to a violation of the prior DVO, which may nonetheless be relevant to considering the continuing need for the DVO. The trial court may also consider the nature, extent and severity of the original acts of domestic violence. In short, a court considering a motion to renew a DVO may consider the totality of the facts and circumstances in finding that acts of

domestic violence and abuse may again occur if the DVO is allowed to expire.

In this case, there was no evidence of any additional acts of domestic violence while the most recent DVO was in effect. The circuit court noted that the thrust of Kingrey's testimony "was that she continues to be afraid of [Whitlow] and that it has been reported to her by others that he has made some inquiries concerning the price which she obtained from timber cut on land which she now owns as a result of property division in their divorce action. She admits that [Whitlow] has not contacted her, has not come around her, and has not made any threats." The court also pointed out Whitlow's testimony stating that he has not contacted Kingrey, has not made any current threats, and does not know where she presently lives. However, the original acts of domestic violence which precipitated the entry of the prior DVO were ongoing and severe. Furthermore, Whitlow had repeatedly violated the terms of an earlier DVO. Indeed, the circuit court recognized that Kingrey's fear of Whitlow was "sincere and perhaps well founded."

Under the circumstances, the evidence was not so compelling that the district court was required to renew the DVO in 2001. Nonetheless, there was sufficient evidence to support the district court's conclusions that the DVO had been effective in preventing additional acts of domestic violence, and that the need for the DVO was continuing. Therefore, I agree with the majority opinion reversing the circuit court's order and reinstating the amended DVO issued by the Allen District Court.