**Norman Lee BAIRD, Appellant**

v.

**Shirley D. BAIRD, Appellee.**

**No. 2007–CA–000259–ME.**

Court of Appeals of Kentucky.

Sept. 7, 2007.

Norman Lee Baird, Sturgis, KY, pro se.

Shirley Baird, Morganfield, KY, pro se.

Before DIXON and VANMETER, Judges; GRAVES,[1] Senior Judge.

## OPINION

DIXON, Judge.

Appellant, Norman Baird, appeals *pro se* from an order of the Union Family Court reissuing a Domestic Violence Order ("DVO") against him. Finding no error, we affirm.

Norman and Shirley Baird were married and lived together for 34 years until they separated in April 1997, following an incident during which Norman threw Shirley against a shower wall and held a gun to her head. Shirley moved out of the marital residence and into an apartment in Morgantown, Kentucky. The parties thereafter divorced.

In April 1998, a DVO was issued against Norman after he threatened to kill Shirley and all of her fellow employees at the Union County Courthouse, where she is employed as a deputy circuit court clerk. After the DVO expired in April 2001, Norman again engaged in threatening behavior against Shirley, including following her to work, driving around her residence and following her when she went to visit her mother in a nursing home. In December 2002, Shirley filed a petition for a second DVO. The family court entered a DVO against Norman on February 18, 2003, to remain in effect until February 17, 2006.

On February 1, 2006, Shirley filed a motion to extend the DVO for an additional three years. After a brief hearing, the family court extended the DVO until February 17, 2009. Norman thereafter appealed to this Court.

In an unpublished opinion rendered December 1, 2006, a panel of this Court vacated the DVO and remanded the case for further proceedings. Without making any conclusions as to whether the evidence would ultimately support the reissuance of the DVO, the majority noted,

> [W]e are somewhat troubled by the brevity of the reissuance hearing conducted by the family court. From our review of that hearing, it appears that the only ground given by Shirley for the reissuance of the DVO was that her life had been "much more peaceful" over the past three years. While this is undoubtedly true and an important consideration in the family court's determination, we are hesitant to conclude that this ground—standing alone—is sufficient to support the renewal of a DVO.
>
> . . .
>
> We have recently emphasized the "enormous significance" of DVO peti-

1. Senior Judge J. William Graves sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

tions, [*Wright v. Wright*, 181 S.W.3d 49, 52 (Ky.App.2005) ], and we reiterate that significance here. We are simply not convinced that the family court gave proper consideration to the restrictiveness of a DVO or all of the facts and circumstances surrounding this case before rendering its decision. Accordingly, we are compelled to vacate the reissued DVO and remand this case for a new hearing taking into full account the [*Kingrey v. Whitlow*, 150 S.W.3d 67 (Ky. App.2004) ] and *Wright* opinions....

Judge Wine dissented, opining that the family court acted within its discretion in reissuing the DVO pursuant to KRS 403.750(2).

On remand, the family court held a second hearing on January 8, 2007, after which it reissued the DVO to remain in effect until 2009. Norman again appeals to this Court arguing that there is no evidence to support the DVO.

 A DVO may be entered by a court after a full evidentiary hearing "if it finds from a preponderance of the evidence that an act or acts of domestic violence and abuse have occurred or may again occur...." KRS 403.750(1). The preponderance of the evidence standard is met when sufficient evidence establishes that the alleged victim "was more likely than not to have been a victim of domestic violence." *Commonwealth v. Anderson*, 934 S.W.2d 276, 278 (Ky.1996). Subsection (2) of KRS 403.750 authorizes the reissuance of a DVO, and provides:

> Any order entered pursuant to this section shall be effective for a period of time, fixed by the court, not to exceed three (3) years and may be reissued upon expiration for an additional period of up to three (3) years. The number of times an order may be reissued shall not be limited. With respect to whether an order should be reissued, any party may present to the court testimony relating to the importance of the fact that acts of domestic violence or abuse have not occurred during the pendency of the order.

In *Kingrey v. Whitlow*, 150 S.W.3d 67, 70 (Ky.App.2004), a panel of this Court interpreted KRS 403.750(2) as granting courts the "authority to reissue DVOs even in the absence of additional acts of domestic violence and abuse during the prior period." We further noted,

> Contrary to the circuit court's interpretation, we do not read the statute as requiring proof of additional acts of domestic violence or abuse during the prior period before a DVO may be reissued. Rather, the statute makes it clear that testimony that such acts did not occur may be presented for the court's consideration in determining whether or not to reissue the order.
>
> . . .
>
> In addition to the language in the statute itself, we conclude it is logical to believe that the legislature intended to give the district courts authority to reissue DVOs even in the absence of additional acts of domestic violence and abuse during the prior period. The domestic violence and abuse statutes are to be interpreted by the courts to allow victims to obtain protection against further violence and abuse. *See* KRS 403.715(1). If a DVO has been effective in giving protection to a victim of domestic violence and abuse, then the district court should not be required to reject a request to extend the effective period of the DVO simply because no additional acts have occurred. In other words, the fact that a DVO has been effective in preventing acts of domestic violence and abuse is not a reason to require the court to remove the protection that had previously been afforded to the victim.

Rather, it is merely a factor for the court to consider when faced with a request to reissue the DVO.

*Id.* at 69–70.

Although the statute does not require evidence of additional acts of domestic violence to warrant the reissuance of a DVO, the panel on the prior appeal herein was persuaded by Judge Knopf's concurring opinion in *Kingrey, supra,* wherein he commented, "It is important to remember that a person subject to a DVO is placed under significant restrictions. Consequently, a DVO should not be renewed merely at the request of the petitioning party. Rather, there must be some showing of a continuing need for the DVO." *Id.* at 70.

During the 2007 hearing, the family court in this case heard testimony from several witnesses, including both Norman and Shirley. At the conclusion of the evidence, the court found from a preponderance of the evidence that there was a continuing need for the DVO. Although Norman denies any acts of abuse,[2] the family court found substantial evidence that Shirley had been the victim of extensive domestic violence during the parties' marriage. And Norman's conduct after the marriage continued to be such that Shirley lived in fear of what he would do. The family court commented that when the first DVO expired in 2001, Norman again began harassing Shirley to the extent that a second DVO was issued. Further, the court expressed concern over the fact that when this Court issued its opinion in December 2006, Norman immediately attempted to retrieve his guns from the local sheriff's office, even before the family court had received notice that the DVO had been vacated.

In making its ruling, the family court stated that it had considered the *Wright* and *Kingrey* decisions, and we conclude that it did so. Although the court disagreed with Norman's argument that the DVO was punitive, it acknowledged that the order placed restrictions on Norman's life. Even though it determined that the DVO was still warranted, the family court agreed with Norman that such should not prevent him from having contact with his grandson. As such, the court included an exception in the DVO to permit Norman to attend any function in which his grandson was a participant.

Clearly, the family court was familiar with the history of the parties, and was within its authority to weigh the testimony, make credibility judgments, and conclude that the evidence supported the reissuance of the DVO. *See Reichle v. Reichle,* 719 S.W.2d 442 (Ky.1986). We are of the opinion that the evidence presented during the hearing established sufficient grounds, other than simply Shirley's peace of mind, to reissue the DVO. Since the court's finding is supported by sufficient evidence and is not clearly erroneous, we affirm its decision.

The Union Family Court's reissuance of the Domestic Violence Order is affirmed.

ALL CONCUR.

---

**2.** In his dissenting opinion, Judge Wine expressed concern that Norman "denies past abuse even though he pled guilty to two counts of terroristic threatening. He accuses his [ex]-wife of abusing the system and he minimizes the value of a DVO."