Susannah Marie **FEDDERS**, Appellant

v.

Stacie Ann **VOGT–KILMER**, Appellee.

No. 2008–CA–000450–ME.

Court of Appeals of Kentucky.

July 31, 2009.

As Corrected Sept. 18, 2009.

Robert A. Winter, Jr., Ft. Mitchell, KY, for appellant.

Cynthia R. Clausen, Covington, KY, for appellee.

Before STUMBO and THOMPSON, Judges; GUIDUGLI,[1] Senior Judge.

## OPINION

GUIDUGLI, Senior Judge.

Susannah Marie Fedders appeals the order of the Kenton Family Court extending an original domestic violence order (DVO) for three years. Because the original DVO had expired prior to the filing date of the motion to extend, we vacate and remand for dismissal.

On April 12, 2001, Stacie Ann Kappes (now Vogt–Kilmer) filed a domestic violence petition against Fedders. Vogt–Kilmer is Fedders' daughter. Fedders was served, and after a hearing the district court issued a DVO[2] on April 24, 2001, which was to remain effective until April 24, 2002. The DVO ordered Fedders to stay 500 feet from Vogt–Kilmer, restrained her from committing acts of domestic violence and abuse, and ordered her not to go to the school attended by her grandchildren.

On April 24, 2002, Vogt–Kilmer filed another domestic violence petition. The district court entered an emergency protective order (EPO) until May 8, 2002. In her petition, Vogt–Kilmer alleged facts that had occurred on April 10, 2001, and had resulted in the original DVO. Fedders was properly served, and on May 8, 2002, the district court entered an order effective until May 8, 2003.

On March 12, 2003, Vogt–Kilmer filed a motion to extend the prior DVO. Again, Fedders was served, and a hearing on the motion was held on April 9, 2003. The motion to extend was granted, and the DVO was extended until May 8, 2004.

On September 29, 2005, Vogt–Kilmer filed a new domestic violence petition alleging facts that occurred on September 28, 2005. The district court entered an EPO and scheduled a hearing for October 5, 2005. At that time, the EPO was continued at the request of Fedders until October 19, 2006. The court docket sheet from that day indicates that an agreed DVO was entered. The DVO ordered Fedders be restrained from committing further acts of abuse or threats of abuse, from any contact with Vogt–Kilmer, and to stay 500 feet away from her and her family. That order was to remain in effect until October 19, 2006. On September 1, 2006, Vogt–Kilmer moved to amend the prior order to extend it for three years. That motion was continued twice until December 12, 2006. At the December 12, 2006, hearing, the motion to extend was granted, and the DVO was extended until December 12, 2007.

On January 16, 2008, Vogt–Kilmer filed a motion to amend the prior DVO. In her motion, she stated that she wanted

> to continue the DVO that expired in Dec. 12th 2006. I am in fear that me and my four children are at risk of a

---

1. Senior Judge Daniel T. Guidugli sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. Domestic violence petitions were held in district court until Kenton County established two family courts on January 1, 2007.

domestic dispute upon [Fedders] Showing up at my land in Burlington looking for us. We were in hopes to continue this order through the court system in Dec., but I was meeting with a Lawyer to go over the [constant] threats and fear to get it extended to 3 yrs.[3]

A hearing was scheduled before the family court on January 30, 2008. At the hearing, Fedders was represented by counsel, Hon. Ted Knoebber. Mr. Knoebber did not argue the fact that no new allegations of domestic violence were stated and that the alleged contact occurred in Boone County, Kentucky, not Kenton County. He pointed out to the court that only one allegation of domestic violence had ever occurred, which had happened more than five years ago. He contended that based upon one occurrence of domestic violence, a party could be entitled to a lifetime DVO if the party continuously sought a three-year extension.

The judge asked Vogt–Kilmer why she wanted the DVO continued. She responded that she did not want herself and her children to live in constant fear of what Fedders might do and that the children had been affected by Fedders' actions. At the conclusion of the hearing, the family court judge held that a DVO can be reissued for up to three years and that one need not present or prove any new domestic violence allegations. Finally, he stated that Vogt–Kilmer was entitled to peace of mind and need not live in fear of domestic violence. The judge extended the prior DVO until December 12, 2010—three years from the date the prior DVO had expired, although the order was entered on January 30, 2008. Fedders filed a timely appeal through newly retained counsel.

On appeal, Fedders sets forth four claims as to why the Kenton Family Court erred in this matter and as to why reversal is required. First, she claims the court erred by granting the extension in order to give Vogt–Kilmer "peace of mind." She also contends that the court erred by suggesting that if Fedders wanted grandparent visitation, she should pursue it under KRS 405.021. Next, she contends that the court erred by allowing Vogt–Kilmer to testify concerning her son's therapy and that Fedders was the sole cause of his emotional conditions. Third, Fedders alleged that the court erred by considering the testimony that occurred in Boone County. Finally, Fedders argues that the family court erred by declining to hear Fedders' allegedly threatening telephone calls which had been recorded on Vogt–Kilmer's father's answering machine.

Having thoroughly reviewed the record in this case, the appellate briefs, and applicable statutory and case law, we are especially troubled that neither party has addressed the fact that the DVO had expired approximately one month prior to Vogt–Kilmer's filing for the extension of the order. Once the DVO expired with no additional action being taken during the applicable time frame, the DVO case had terminated. Thus, Vogt–Kilmer's motion to extend an expired order was not timely in requesting KRS 403.720 relief. Instead, it was incumbent on Vogt–Kilmer to file a new domestic violence petition in order to put the issue before the family court. Therefore, the court lost jurisdiction over the matter when the DVO expired on December 12, 2007.

KRS 403.750(2) authorizes the reissuance of a DVO and provides:

---

**3.** We have duplicated the handwritten language exactly as it appears in the motion without correction.

Any order entered pursuant to this section shall be effective for a period of time, fixed by the court, not to exceed three (3) years and may be reissued upon expiration for an additional period of up to three (3) years. The number of times an order may be reissued shall not be limited. With respect to whether an order should be reissued, any party may present to the court testimony relating to the importance of the fact that acts of domestic violence or abuse have not occurred during the pendency of the order.

There are several published and unpublished cases that address what proof must be presented at a hearing to extend a DVO. In *Kingrey v. Whitlow*, 150 S.W.3d 67 (Ky.App.2004), this court held that a DVO could be reissued even in the absence of additional acts of domestic violence and abuse during that period. *See also Baird v. Baird*, 234 S.W.3d 385 (Ky.App.2007). As such, based upon the proof presented to the Kenton Family Court, we glean no reason why the DVO could not have been reissued based upon the evidence presented at the hearing. However, we do not deem the evidentiary hearing to be controlling in this case, but rather we believe the court's jurisdiction to be the determining factor in deciding this case.

There are no published cases addressing this issue. This may well be because it seems so obvious that once a DVO has expired, then the petitioner would not seek an extension but rather simply file for a new DVO. Even in this case, Vogt–Kilmer filed two new petitions for DVOs once the previous DVO had expired or was about to expire. Vogt–Kilmer did not file for extensions as she did in January 2008. While neither party addressed this issue to the court, we believe that once the DVO expired on December 12, 2007, that case was concluded and no further action could be based upon a DVO that had expired. By waiting until January 16, 2008 (some 35 days later), Vogt–Kilmer lost the ability to file to amend the order and should have filed a new domestic violence petition.

For the foregoing reason, we vacate the amended DVO entered by the Kenton Family Court and remand this matter for dismissal.

ALL CONCUR.