**John Matthew WOOLDRIDGE,
Appellant,**

v.

**Kathryn L. ZIMMERER, Appellee.**

**No. 2009–CA–001786–ME.**

Court of Appeals of Kentucky.

April 23, 2010.

Larry D. Simon, Louisville, KY, for appellant.

Kathryn L. Zimmerer, pro se, Louisville, KY for appellee.

Before CLAYTON, TAYLOR, and THOMPSON, Judges.

*OPINION*

CLAYTON, Judge.

John Matthew Wooldridge appeals from the September 8, 2009 order of the Jefferson Family Court extending a domestic violence order (DVO) for an additional three years. We vacate and remand for additional proceedings consistent with this opinion.

On August 17, 2006, Kathryn Zimmerer filed a domestic violence petition against John M. Wooldridge. Following a hearing, the court entered a DVO, which was effective until August 28, 2009. Almost three years later on August 27, 2009, Zimmerer filed another domestic violence petition against Wooldridge. An emergency protective order (EPO) was entered, which was effective until September 8, 2009. At the resulting hearing held on September 8, 2009, after both parties testified, the family court judge concluded that Zimmerer's new allegations were insufficient for the entry of a second domestic violence order. The family court judge, however, while denying the motion for a new DVO, ordered that the original DVO was to be extended for another three years from the

date the original order expired, thereby making the original DVO effective until August 28, 2012. The family court judge held that, since Zimmerer had filed a new petition for another DVO prior to the expiration of the original DVO, the family court still had jurisdiction. The family court judge opined that the filing of a "petition" rather than a motion to amend the DVO was merely a technicality and that it could be viewed as a motion to extend the current DVO. This appeal followed.

The sole basis for Wooldridge's appeal is his contention that the family court lacked jurisdiction to extend the original 2006 DVO. He reasons that at the September 8, 2009 hearing on the new petition, the original DVO had expired and, therefore, could not be extended. Wooldridge bolsters this contention by noting that Zimmerer filed a petition for a new DVO and did not file a motion to amend the original DVO. In sum, the issue on appeal is whether the family court had jurisdiction on September 8, 2009, to extend the August 29, 2006 DVO against Wooldridge for an additional three-year period.

The trial judge's handwritten notation on the court's docket sheet says:

While this is not a motion per se (but a new EPO) all allegations in petition refer to old DVO and continuing its protection. P[etitioner] is clearly afraid of R[espondent] and she believes DVO has kept him away from her. P[etitioner] testified to believing R[espondent] will resume trying to contact her—she said he called her a month ago.

Extend DVO—(new case states "Motion" to Extend is okay as long as *filed* before DVO expires).

New "petition" was filed on 8/27 and DVO did not expire until 8/28.

DVO extended for 3 years.

According to Kentucky Revised Statutes (KRS) 403.750(1), a court may enter a DVO "if it finds from a preponderance of the evidence that an act or acts of domestic violence and abuse have occurred and may again occur [.]" The next section of the statute, KRS 403.750(2), instructs as to the reissuance of a DVO. Specifically, this section provides that

Any order entered pursuant to this section shall be effective for a period of time, fixed by the court, not to exceed three (3) years and may be reissued upon expiration for an additional period of up to three (3) years. The number of times an order may be reissued shall not be limited. With respect to whether an order should be reissued, any party may present to the court testimony relating to the importance of the fact that acts of domestic violence or abuse have not occurred during the pendency of the order.

Although, as argued by Zimmerer in her brief, this Court in *Kingrey v. Whitlow*, 150 S.W.3d 67 (Ky.App.2004), held that a DVO could be reissued even where no additional violence or abuse had occurred during the pendency of the DVO, that is not the issue presented to us. Indeed, the issue here is not evidentiary but jurisdictional.

In that vein, we observe that *Kingrey* has been distinguished by *Fedders v. Vogt–Kilmer*, 292 S.W.3d 905 (Ky.App. 2009). *Fedders* clarifies that, even though proof is presented to a court that a DVO could be reissued, the court must still have jurisdiction to extend an order.

In fact, our specific issue is not addressed in *Fedders*. In that case, the parties filed a motion to extend the DVO and not a petition for another DVO. We observed in that opinion:

On September 1, 2006, Vogt–Kilmer moved to amend the prior order to extend it for three years. . . .

On January 16, 2008, Vogt–Kilmer filed a motion to amend the prior DVO. *Id.* at 906.

So, therein, motions were filed asking the court to extend the existent DVO. The significant factor was that the January 16, 2008 motion was filed some time after the expiration of the pertinent DVO, which had only been extended to December 12, 2007. Clearly, the second motion in *Fedders* was made after the expiration of the DVO's effective date. Notwithstanding the motion occurring after the expiration of the DVO, the family court in *Fedders* extended the DVO. On appeal, we held that

There are no published cases addressing this issue. This may well be because it seems so obvious that once a DVO has expired, then the petitioner would not seek an extension but rather simply file for a new DVO. Even in this case, Vogt–Kilmer filed two new petitions for DVOs once the previous DVO had expired or was about to expire. Vogt–Kilmer did not file for extensions as she did in January 2008. While neither party addressed this issue to the court, we believe that once the DVO expired on December 12, 2007, that case was concluded and no further action could be based upon a DVO that had expired. By waiting until January 16, 2008 (some 35 days later), Vogt–Kilmer lost the ability to file to amend the order and should have filed a new domestic violence petition.

*Id.* at 908. Thus, in the above-discussed case, the family court lost its jurisdiction over the DVO because it had expired.

Here, the issue is somewhat different because Zimmerer filed another action, a petition for a DVO, the day before her original DVO expired. But because she filed a petition for another DVO, Zimmerer's original DVO still expired on August 28, 2009. On that date, she no longer was protected by the DVO but was now under the protection of a newly issued EPO. Indeed, the entire procedural actions attendant upon the filing of a petition for a DVO followed her filing of the petition. Zimmerer was granted an EPO and a hearing on the allegations in the EPO. Inopportunely for Zimmerer, however, at the hearing the family court judge held that the allegations in the EPO were not sufficient for the granting of another DVO. Given the level of discretion that is afforded a trial court on its evidentiary conclusions, we are unable to hold that the trial court abused its discretion in its conclusion about the entry of another DVO.

In retrospect, Zimmerer makes a case that the filed petition was intended as a motion to extend the 2006 order. A reading, however, of the actual petition does not use the words "motion" or "extend." Moreover, the 2009 petition is numbered differently than the original 2006 petition and DVO. And finally, the family court judge starts the hearing for the purposes of determining whether a new DVO should be issued and not to ascertain whether the original DVO should be extended. The family court judge only extends the original DVO after determining that there is insufficient evidence for another DVO.

Further, we are not persuaded by Zimmerer's other arguments. Her discussion of "notice pleading" is inapposite here. In addition, Zimmerer's argument regarding the lack of Administrative Office of the Courts (AOC) forms is also incorrect. In other cases regarding extensions of existing DVOs, our Court has referred to the motion to amend as an appropriate form to use. For example, in our unpublished case, *Rogers v. Rogers*, 2007 WL 2332561

(Ky.App.2007), in dicta is stated "[t]he Petitioner has filed a motion to amend the Domestic Violence Order dated 4–21–04[.]" *Id.* at *2. And in *Fedders,* we say that "Vogt–Kilmer filed a motion to extend the prior DVO." *Fedders,* 292 S.W.3d at 906. In fact, there is no case where a petition for an EPO/DVO is used as a motion to extend a DVO.

We recognize the family court's concern for Zimmerer and its recognition that Zimmerer is still in fear of Wooldridge. And we acknowledge that the legislative policy behind the domestic violence statutes is to protect victims of domestic violence. Nonetheless, the DVO statutes establish the jurisdictional prerequisites for extending a DVO and we must maintain these jurisdictional parameters to maintain the efficacy of these statutes. And, even though caselaw has held that an extension of a DVO has a different evidentiary standard than the entry of a DVO, the issue here is not evidentiary but jurisdictional. It is a consequential precept that courts cannot alter or contradict the plain meaning of statutes. Hence, the trial judge, while well-meaning, does not have the authority to re-characterize a "petition" for a DVO as a motion for an extension of a DVO. Legally, they are not the same thing.

For the foregoing reason, we vacate the amended DVO entered by the Jefferson Family Court and remand this matter for dismissal.

ALL CONCUR.