RENDERED:  JUNE 18, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1559-ME

MITCHELL WAYNE STEWARD, SR.                    APPELLANT


                    APPEAL FROM UNION CIRCUIT COURT
v.                  HONORABLE BRANDI ROGERS, JUDGE
                    ACTION NO. 19-D-00023-003


JOSHUA ALAN BUCKMAN                              APPELLEE


                            OPINION
                            AFFIRMING

                        ** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Mitchell Wayne Steward, Sr., appeals the Union Circuit

Court's order upholding an Interpersonal Protective Order (IPO) granted to Joshua

Alan Buckman.  We affirm.

        The parties, who are neighbors, have engaged in confrontational

behaviors for several years, at one point undergoing counseling to try to resolve

their ongoing conflict.  The incident leading to the IPO occurred on the evening of

November 30, 2019, as Buckman was walking from his home to his mother's house, passing Steward's property along the way. Steward, who had driven to the end of his driveway to where Buckman was about to pass, assaulted Buckman with the butt of a .357 Magnum pistol, causing Buckman to sustain severe head injuries.[1] Steward was not indicted on the criminal charges.

On several occasions after the assault, Steward was observed "spotlighting" Buckman's house at night time and shouting obscenities at Buckman. The problem became so severe that Buckman moved a horse trailer between his home and the road to block the spotlight being shown into the residence. Steward persisted, however, moving to a different location from which to shine the spotlight. Steward denied the spotlighting allegations and submitted cellular phone records to prove that his location was elsewhere on the dates Buckman claimed the offenses occurred.

Buckman obtained a temporary IPO on December 4, 2019. The circuit court held a lengthy hearing on February 19, 2020. Multiple witnesses testified, including the parties, and both parties presented documentary evidence. Steward filed additional records post-hearing, after which the circuit court took the

---

[1] Buckman's medical records indicate that he suffered two severe lacerations on the frontal scalp (requiring sutures and staples to close the wounds) and a hematoma to the back of his head.

matter under submission. It rendered its decision on May 12, 2020, entering detailed findings of fact, conclusions of law, and a three-year IPO against Steward.

Steward filed a motion, pursuant to Kentucky Rule of Civil Procedure (CR) 59.05, to alter, amend, or vacate the IPO and requested the circuit court to make additional findings.[2] The parties briefed the issues. Steward's motion was denied on November 4, 2020. This appeal followed.

We begin by enunciating our standard of review:

> [F]or an individual to be granted an IPO for stalking, he or she must at a minimum prove by a preponderance of the evidence that[] an individual intentionally engaged in two or more acts directed at the victim that seriously alarmed, annoyed, intimidated, or harassed the victim, that served no legitimate purpose, and would have caused a reasonable person to suffer substantial mental distress, and that these acts may occur again. KRS 508.130 and KRS 456.060. Additionally, the individual must prove that there was an implicit or explicit threat by the perpetrator that put the victim in reasonable fear of sexual contact, physical injury, or death. KRS 508.150.

*Halloway v. Simmons*, 532 S.W.3d 158, 162 (Ky. App. 2017).

> The preponderance of the evidence standard is met when "sufficient evidence establishes the alleged victim was more likely than not to have been a victim" of [] violence and abuse, sexual assault, or stalking. *Dunn v. Thacker*, 546 S.W.3d 576, 580 (Ky. App. 2018) (citing *Baird v. Baird*, 234 S.W.3d 385, 387 (Ky. App. 2007)) (applying

---

[2] After the CR 59.05 motion was filed (May 26, 2020), Steward's attorney moved to withdraw (July 13, 2020), citing "irreconcilable difficulties." The circuit court granted counsel's motion, affording Steward additional time to obtain new counsel. A briefing schedule was ordered on August 17, 2020. These events explain the delay between the granting of the IPO and the order denying the CR 59.05 motion.

the preponderance of the evidence standard in the context of issuance of a domestic violence order ("DVO")).

*Jones v. Jones*, 617 S.W.3d 418, 423 (Ky. App. 2021).

When we review a decision of the circuit court, "the test is not whether the appellate court would have decided it differently, but whether the findings of the family court are clearly erroneous, whether it applied the correct law, or whether it abused its discretion." *Coffman v. Rankin*, 260 S.W.3d 767, 770 (Ky. 2008) (citation omitted).

With these standards in mind, we turn to Steward's arguments on appeal, beginning with his assertion that the circuit court's findings of fact are insufficient to support that Steward had engaged in a "course of conduct" required for the granting of an IPO. Buckman responds that the circuit court's findings are supported by substantial evidence and should be upheld.

Kentucky Revised Statute (KRS) 508.130 includes the applicable definitions, namely:

> (1) (a) To "stalk" means to engage in an intentional course of conduct:
>
> > 1. Directed at a specific person or persons;
> >
> > 2. Which seriously alarms, annoys, intimidates, or harasses the person or persons; and
> >
> > 3. Which serves no legitimate purpose.

(b) The course of conduct shall be that which would cause a reasonable person to suffer substantial mental distress.

(2) "Course of conduct" means a pattern of conduct composed of two (2) or more acts, evidencing a continuity of purpose. One (1) or more of these acts may include the use of any equipment, instrument, machine, or other device by which communication or information is transmitted, including computers, the Internet or other electronic network, cameras or other recording devices, telephones or other personal communications devices, scanners or other copying devices, and any device that enables the use of a transmitting device. Constitutionally protected activity is not included within the meaning of "course of conduct." If the defendant claims that he was engaged in constitutionally protected activity, the court shall determine the validity of that claim as a matter of law and, if found valid, shall exclude that activity from evidence.

The evidence of record of Steward's continued confrontational behavior (the initial assault followed by spotlighting, cursing, and verbal threats), which included "two (2) or more acts" directed at Buckman, certainly supports the circuit court's finding that Steward had engaged in stalking which served no legitimate purpose and caused Buckman "to suffer substantial mental distress." KRS 508.130(1)(a) and (b).

After summarizing and analyzing the evidence at the hearing, the circuit court stated:

The Court has no doubt that these acts may occur again and [Buckman's] request for protection is warranted. While [Steward] may protect his home and family, for

-5-

purposes of this action his decisions and subsequent spotlighting and harassment equates to stalking. In fact, his subsequent spotlighting and hollering that the police would not help [Buckman] would best be described as taunting itself with the intent to place [Buckman] in fear of more physical injury and/or death.

This must stop. While [Buckman] has an issue with alcoholism for which he certainly should seek treatment, he is reasonably in fear of physical injury or death. [Steward's] hate for him is palpable. The Court hopes that the entry of this IPO will stave off any future encounters or threats. The Court finds the evidence substantially supports the conclusion that an IPO is necessary to protect [Buckman] from [Steward's] actions.

Steward fails to convince us that the circuit court's findings are clearly erroneous. *Coffman*, *supra*. We therefore decline the invitation to set them aside.

Steward secondly argues that the circuit court erred because "inadmissible Constitutionally protected activity erroneously formed the basis of the Court's finding of a 'course of conduct' in this case." Steward insists that his words (specifically, when he advised Buckman to "call the police, Motherf*****, they aren't going to do anything") were "merely a criticism of the ineffectiveness of the local police force . . . [which did] not rise to the level of impermissible Fighting Words." Steward cites to the exclusion in KRS 508.130(2) for "Constitutionally protected activity."

We disagree. The statute also states: "If the defendant claims that he was engaged in constitutionally protected activity, the court shall determine the validity of that claim as a matter of law and, if found valid, shall exclude that activity from evidence." KRS 508.130(2). Here, the circuit court was not convinced that Steward's words were an expression of free speech but rather used to intimidate Buckman. We find no error in this regard.

Steward lastly urges that his activities were entitled to immunity as self-protection. Again, the evidence does not support the argument. In each instance, Steward moved to the problem: he drove to the end of his driveway and assaulted Buckman on November 30, 2019. His later actions were not in reaction to anything Buckman had done but instead were instigated by Steward himself. Steward was not entitled to immunity.

The order of the Union Circuit Court is affirmed.


ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

JT Skinner                              Ellen S. Bowles
Morganfield, Kentucky                   Madisonville, Kentucky