RENDERED: SEPTEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0355-ME

MANDEEP SINGH                                          APPELLANT

v.
            APPEAL FROM WARREN FAMILY COURT
HONORABLE DAVID A. LANPHEAR, JUDGE
ACTION NO. 22-D-00629-002

HARJINDER KAUR                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, KAREM, AND McNEILL, JUDGES.

CETRULO, JUDGE: This is an appeal from a domestic violence order ("DVO") entered by the Warren Family Court. By the DVO, Appellant Mandeep Singh ("Singh") was restrained from coming within 100 feet of his then-wife, Appellee Harjinder Kaur ("Kaur"), other than in public places for visitation exchanges of their children. That order followed an incident that occurred during such a visitation exchange in February 2023. For the reasons set forth below, we affirm the DVO issued by the family court.

# STANDARD OF REVIEW

Pursuant to Kentucky Revised Statute ("KRS") 403.740(1), a court may enter a DVO if, following a hearing, it "finds by a preponderance of the evidence that domestic violence and abuse has occurred and may occur again[.]" This standard is met "when sufficient evidence establishes that the alleged victim 'was more likely than not to have been a victim of domestic violence.'" *Baird v. Baird*, 234 S.W.3d 385, 387 (Ky. App. 2007) (quoting *Commonwealth v. Anderson*, 934 S.W.2d 276, 278 (Ky. 1996)). Then, our review "is not whether we would have decided the case differently, but rather whether the [family] court's findings were clearly erroneous or an abuse of discretion." *Gibson v. Campbell-Marletta*, 503 S.W.3d 186, 190 (Ky. App. 2016) (citations omitted). More recently, this Court emphasized that "the family court is in the best position to judge the credibility of the witnesses and weigh the evidence presented." *Williford v. Williford*, 583 S.W.3d 424, 429 (Ky. App. 2019) (citation omitted).

On appeal, Singh argues that Kaur did not prove that domestic violence occurred and that she was afraid it may occur again. He further asserts that the family court's order constitutes an abuse of discretion due to insufficient evidence in the record.

# FACTUAL BACKGROUND

Kaur and Singh were husband and wife with pending divorce proceedings. They have two minor children and regularly conducted a visitation exchange each week. In February 2023, the exchange was being conducted at Singh's residence when one of the children refused to leave Kaur's vehicle. Singh removed the child, and Kaur exited the vehicle, while following Singh into the garage and recording the exchange. Similarly, Singh had various audio and video recordings of the exchange. The family court reviewed all of these recordings and noted that Singh had asked Kaur to leave several times and generally appeared calm, even though the children were very emotional.

At some point, an interaction occurred off camera in Singh's garage. A sound was heard and Kaur began screaming that Singh slapped her. She called 911, and a deputy responded. Kaur informed the deputy that Singh slapped her on the left side of her head with his open right hand. She then went to urgent care, where she was treated for an injury to her left ear.

The certified medical records were admitted into evidence at the hearing. Kaur described her injury as painful and stated that she suffered hearing loss. The medical records confirmed the report of hearing loss, that there was an altercation with her husband, and a diagnosis of a perforation of her left eardrum.

The deputy who responded also testified at the hearing. He noted that he observed redness to Kaur's left ear, which was also reflected in his written report. She did report to him that she had been struck on the left side of her face by Singh. Singh reported to the deputy that Kaur had kicked him. The deputy had also been shown the video at the scene, and he testified that this was not sufficient for him to determine who was the aggressor. Kaur denied medical treatment at the scene.

Singh testified as well and identified his audio recordings. He claimed that Kaur spit at him to "prompt a reaction," but he flatly denied striking Kaur. What sounds very much like a slap on the audio recording was not otherwise identified or explained.

The family court conducted a two-hour hearing prior to entry of the DVO, noting that the diagnosis of a perforated eardrum shortly after the event was the best evidence or "loudest witness" in the room. The judge then stated that he was "persuaded by a preponderance of the evidence that it happened, I think it was unmistakable on the video and the Court can not escape that this is domestic violence." The judge did express his concerns about both parties recording these exchanges and the behavior of both parents in the presence of their children. The family court imposed reasonable exchange restrictions and rules regarding contact between the parties, in the hope of avoiding future problems. The only argument

presented in this appeal is that the family court abused its discretion because it entered a DVO that "lacked a factual basis under the statute." We disagree.

As stated earlier, we held in *Williford* that the family court is in the best position to judge the credibility of the witnesses. *Id.* Again, "the test is not whether we would have decided it differently, but whether the findings . . . were clearly erroneous or that [the judge] abused his discretion." *Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982) (citation omitted). Findings are not clearly erroneous if they are supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003). "[S]ubstantial evidence is [e]vidence that a reasonable mind would accept as adequate to support a conclusion and evidence that, when taken alone or in the light of all the evidence, . . . has sufficient probative value to induce conviction in the minds of reasonable men." *Id.* (internal quotation marks and citations omitted).

Simply, the family court is free to believe one party's evidence over another, and there was sufficient evidence in this case to support the ruling. Singh offered no other explanation for the sound heard on audio recordings or for Kaur's injury, confirmed in certified medical records. He did produce evidence that Kaur remained in her car, on his property, while waiting for the police, and that she did not appear to be fearful, but was "giddy" stating, "I got you; I got you." However, her testimony was that he struck her with his hand, causing hearing loss and a

perforated eardrum, and that she was fearful of violence occurring again. The family court was convinced that an act of domestic violence occurred, as defined by KRS 403.720(2).

The preponderance of evidence standard requires sufficient evidence to establish that the alleged victim was more likely than not to have been a victim of domestic violence. *Rupp v. Rupp*, 357 S.W.3d 207, 208 (Ky. App. 2011) (citing *Wright v. Wright*, 181 S.W.3d 49, 52 (Ky. App. 2005)). Our review of the record reveals that the family court supported its decision with sufficient evidence, which warranted a finding that the circumstances in this case called for the issuance of the DVO. Accordingly, the order of the Warren Family Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Christopher T. Davenport
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Matthew J. Baker
Bowling Green, Kentucky