RENDERED:  NOVEMBER 1, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0546-ME

KING B. JONES, III                                               APPELLANT


APPEAL FROM RUSSELL CIRCUIT COURT
v.       HONORABLE JENNIFER UPCHURCH EDWARDS, JUDGE
ACTION NO. 24-D-00019-001


HAYLEE BROWN; J.J.; AND K.J.                             APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND CALDWELL, JUDGES.

THOMPSON, CHIEF JUDGE:  King B. Jones, III ("Appellant") appeals from a Domestic Violence Order ("DVO") of the Russell Circuit Court barring him from contact with Haylee Brown ("Appellee") and their two minor children.  Appellant argues that the circuit court erred in the following ways:  by failing to conduct a DVO hearing within 14 days of the emergency protective order ("EPO") as required by statute; by failing to provide him a meaningful opportunity to be heard; and, in concluding that acts of domestic violence occurred and were likely to occur

again. He seeks an opinion vacating the order on appeal. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On March 28, 2024, Appellee obtained an EPO based on her claim that Appellant engaged in acts of domestic violence against her and the parties' two minor children.[1] Kentucky Revised Statutes ("KRS") 403.730 requires that a domestic violence hearing shall be conducted within 14 days of the EPO. A DVO hearing was scheduled for April 11, 2024, in compliance with the statutory requirement.

Both parties appeared at the DVO hearing. Appellant was represented by counsel, whereas Appellee was not. The Russell Circuit Court inquired if Appellee wished to be represented by counsel. When she responded in the affirmative, the court continued the DVO hearing so Appellee could retain counsel. The court did not reissue the EPO, but stated that its conditions would remain in effect until the next hearing.

The DVO hearing was rescheduled for April 25, 2024. Appellant moved to dismiss the proceeding based on the court's failure to conduct the DVO hearing within 2 weeks of the EPO as required by KRS 403.730. The motion was denied, and the hearing was conducted with Appellant represented by counsel and

---

[1] The parties were not married and both children were under the age of 4.

Appellee still proceeding *pro se.* Both parties testified, with Appellee alleging acts of domestic violence against her and the children which caused her to seek the EPO and DVO. Specifically, she alleged that Appellant jerked one of the children by the arm and struck the other in the mouth hard enough to cause bleeding. She produced photographs of what she claimed was blood on the floor and an abrasion on one child's arm. Appellant testified that what Appellee claimed was blood on the floor was actually red paint. In addition, Appellant stated that the child's abrasion occurred in an automobile accident and was not the result of domestic violence.

After taking proof, the circuit court entered a DVO barring Appellant from contact with Appellee and the children for a period of one year. In support of the DVO, the court found that acts of domestic violence had occurred and were likely to occur again. This appeal followed.

## STANDARD OF REVIEW

On review of a domestic violence order, the question is not whether we would have decided the matter differently. *Gibson v. Campbell-Marletta*, 503 S.W.3d 186, 190 (Ky. App. 2016). Rather, we must determine if the circuit court's findings were clearly erroneous and if the decision constituted an abuse of discretion. *Id.* An abuse of discretion occurs if the trial court's ruling is "arbitrary,

unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ARGUMENTS AND ANALYSIS

Appellant first argues that the Russell Circuit Court committed reversible error in failing to conduct the DVO hearing within 14 days of the issuance of the EPO as required by KRS 403.730. He notes that KRS 403.730(1)(a) requires a court to review a petition for an order of protection immediately upon its filing and, if this review indicates domestic violence and abuse exists, a summons to all parties shall be served so an evidentiary hearing can be held not more than 14 days in the future. He argues that Appellee's failure to be represented by counsel on the scheduled hearing date does not constitute proper grounds for continuing the hearing date past the 14 day window. He goes on to argue that the requirements for extending the EPO for an additional 14 days per KRS 403.735 are not present here, as Appellant was properly served and there was no basis for extending the EPO. The focus of his argument is that KRS 403.730 contains mandatory language ("shall") requiring the court to conduct a DVO hearing within 14 days, and the court's failure to comply with this requirement mandates that the DVO be vacated. Appellee did not file a responsive pleading.

KRS 403.730(1)(a) provides that, "[t]he court shall review a petition for an order of protection immediately upon its filing. If the review indicates that

-4-

domestic violence and abuse exists, the court shall summons the parties to an evidentiary hearing not more than fourteen (14) days in the future." The question for our consideration is whether the Russell Circuit Court's failure to conduct a DVO hearing within 14 days of the petition requires that the DVO be dismissed.

The circuit court issued a summons for a DVO hearing within 14 days of the petition as required by KRS 403.730(1)(a). In addition, it attempted to conduct a hearing on or about the fourteenth day. Having done so, we do not conclude that the continuance of the hearing required dismissal of the underlying petition as argued by Appellant. "Certainly any continuance of the [DVO] hearing should be in the sound discretion of the court, mindful of the purposes of the statute, and for good cause." *Guenther v. Guenther*, 379 S.W.3d 796, 801 (Ky. App. 2012).[2] Further, a circuit court's failure to issue a DVO within 14 days of the EPO does not deprive the court of jurisdiction in the matter. *See Daugherty v. Telek*, 366 S.W.3d 463 (Ky. 2012).[3]

> Every presumption is in favor of the correctness of the decision of the trial court, and in order to warrant a reversal, error must affirmatively appear from the record. This presumption is one with which this court begins its examinations of every case brought before it, and one which every appellant must overcome in order to secure a reversal of a judgment.

---

[2] *Guenther* applied a prior version of the EPO/DVO statutes. We believe the underlying discretion of the circuit court recognized in *Guenther* is applicable herein.

[3] Like *Guenther*, *Daugherty* applied the prior version of the statutory scheme.

*Oakes v. Oakes*, 204 Ky. 298, 264 S.W. 752, 753 (1924).

Appellant has not cited any case law wherein a DVO has been dismissed for failure to conduct the hearing within 14 days of the issuance of the EPO. Further, the General Assembly could have included language in KRS Chapter 403 barring the continuance of the EPO or dismissing the petition for failure to conduct the DVO hearing within 14 days of the EPO. It did not, and as such, KRS Chapter 403 does not provide a basis for granting Appellant the relief sought. We find no error on this issue.

Appellant goes on to argue that the circuit court committed reversiable error in failing to give him a meaningful opportunity to be heard. He asserts that the court improperly limited his examination of Appellee at the DVO hearing, and did not allow him to call additional witnesses to fully develop the record and demonstrate the insufficiency of Appellee's evidence. He argues that but for this error, the evidence would have been insufficient to support the DVO.

Appellant does not reveal what testimony he was prevented from eliciting from Appellant to refute her claims or to bolster his defense. Similarly, he does not divulge which additional witnesses he would have called, the nature of their expected testimony, nor how such testimony would have refuted Appellee's allegations. We will not speculate as to what might have occurred had Appellant

-6-

engaged in the additional examination of witnesses, and have no basis for finding error on this issue.

Lastly, Appellant argues that the circuit court erred in finding evidence sufficient to conclude that acts of domestic violence had occurred and were likely to occur again. He maintains that Appellee failed to provide specific examples of the alleged abuse perpetuated by Appellant and failed to provide evidence other than her testimony in support of her assertions. He points out that Appellee acknowledged that one child may have suffered a broken arm at the chiropractor rather than as a result of domestic violence, and admitted that every serious injury to the child may have occurred in an automobile accident prior to the filing of the petition. Appellant also argues that Appellee's photographic evidence was inconclusive or misleading.

As noted above, we must determine if the circuit court's findings were clearly erroneous and if the decision constituted an abuse of discretion. *Gibson*, *supra.* An abuse of discretion occurs if the trial court's ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *English*, 993 S.W.2d at 945. Appellee testified that Appellant would be rough with the parties' son; that Appellant would sling him around by the arm; and, that Appellant would smack their daughter in the mouth causing her to bleed. She also produced

photographs of what she stated was blood on the floor resulting from domestic violence, and an abrasion on a child's arm caused by Appellant.

> Regardless of conflicting evidence, the weight of the evidence, or the fact that the reviewing court would have reached a contrary finding, "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses" because judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court. Thus, "[m]ere doubt as to the correctness of [a] finding [will] not justify [its] reversal," and appellate courts should not disturb trial court findings that are supported by substantial evidence.

*Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (footnotes and citations omitted).

In exercising its exclusive province to judge the weight and credibility of the evidence, *id.*, the Russell Circuit Court found Appellee's testimony and evidence more credible than that of Appellant. Further, Appellee had the relatively low burden of proving by a preponderance of the evidence, *i.e.*, "more likely than not," that domestic violence had occurred and was likely to occur again. *Baird v. Baird*, 234 S.W.3d 385, 387 (Ky. App. 2007). Appellee's testimony, taken alone, was sufficient to meet this burden. We find no error.

## CONCLUSION

Appellant failed to demonstrate that the continuance of the initial DVO hearing required the DVO to be vacated. His claim that additional examination of Appellee, or the calling of additional witnesses, would have

changed the outcome of the proceeding is purely speculative. As such, it does not form a basis for vacating the order on appeal. Finally, Appellee's testimony, taken alone, was sufficient to meet her burden of proving that domestic violence had occurred and was likely to occur again. The circuit court's ruling was not arbitrary, unreasonable, unfair, nor unsupported by sound legal principles. *English*, *supra.* For these reasons, we find no error and affirm the domestic violence order of the Russell Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEES.

Logan Forsythe
Lexington, Kentucky