RENDERED: JUNE 12, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2024-CA-1442-ME

JAMES BRIAN SNOW                                                      APPELLANT

v.
APPEAL FROM HENDERSON CIRCUIT COURT
HONORABLE DAVID CURLIN, JUDGE
ACTION NO. 24-D-00050-002

LORNA COOPER SNOW                                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND A. JONES, JUDGES.

THOMPSON, CHIEF JUDGE: James Brian Snow (Appellant) appeals from an order of protection/domestic violence order (DVO) entered by the Henderson Circuit Court, Family Court Division. Appellant raises several arguments, including his claims that certain events did not constitute domestic violence, and that the DVO was not supported by substantial evidence. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

Appellant and Lorna Cooper Snow (Appellee) are in the midst of a dissolution of marriage proceeding in Henderson Family Court.[1]  As part of that proceeding, the parties entered into an agreed order on May 14, 2024.  That order provided that Appellee would reside in the parties' house with access to the garage, while Appellant would live in a separate addition to the main residence.  Per the agreed order, the parties were to have no contact with each other and were not to interfere with any mail addressed to the other party.  Appellant was to cease all audio or video recording inside the residence.

Shortly after the entry of that order, Appellee alleged that Appellant was violating the order by walking around the property and looking into the windows.  In response, Appellee installed exterior video cameras.  She later introduced several video exhibits showing Appellant walking around the property, which she alleged violated the agreed order.  She also alleged that her vehicle tires were flattened.

Appellee would later testify that she was terrified of Appellant and did not feel safe around him.  Appellee's housekeeper, Diane Nunnelly,[2] testified that

---

[1] No. 24-CI-00254.

[2] Nunnelly's name has more than one spelling in the record.

she recorded a video of Appellant walking around the property and yelling in the direction of Nunnelly.

On July 5, 2024, Appellee filed a motion for contempt, arguing that Appellant violated the May 14, 2024, agreed order by sending her over 100 text messages. Appellant stipulated to contempt, and on September 13, 2024, the circuit court found Appellant to be in contempt for violating the agreed order. It fined Appellant $250, to be awarded to Appellee's counsel. On October 9, 2024, the court entered a calendar order/docket sheet summarizing the facts, and reiterating the terms of the agreed order. It ordered that Appellant could not walk around the addition where he was living, except to walk to his vehicle. It further ordered that Appellant could possess no firearms in the addition or in his vehicle.

Appellee then alleged that Appellant continued to violate the court's orders restricting his movement around the residence and contact with Appellee. On October 26, 2024, Appellee filed a petition seeking an order of protection, resulting in an Emergency Protective Order (EPO) being issued on that date. The petition was filed outside of the dissolution action, under Action No. 24-D-00050-002.

A hearing on the matter was conducted on November 4, 2024, where Nunnelly and two sheriff's deputies testified. The deputies had previously investigated an incident involving Appellant holding a gun in the presence of

Appellee, after which no charges were filed against either party. At the conclusion of the hearing, the circuit court issued a DVO against Appellant. In support of the DVO, the court found that domestic violence had occurred and was likely to occur again. Specifically, the court found that Appellant had repeatedly violated prior orders of the court; that Appellee testified that she was afraid of Appellant; that testimony was adduced that Appellant brandished a weapon near Appellee, and threatened to kill Appellee and her children either intentionally or by accident; and, that Appellant had destroyed cameras installed by Appellee to protect her.

On November 5, 2024, Appellant moved to amend the DVO, to allow him exclusive use of an Elm Street residence, which was a restricted location pursuant to the DVO. The court did not immediately rule on the motion. On November 21, 2024, Appellee filed a motion to hold Appellant in contempt for violating the DVO.

On November 29, 2024, Appellant filed the instant appeal from the issuance of the DVO. Thereafter, this Court entered several orders holding the appeal in abeyance pending resolution of various matters before the circuit court, including Appellant's motion seeking recusal of Judge David Curlin and a motion to modify the DVO.

On December 5, 2025, this Court entered an order returning the appeal to the active docket. This appeal followed.

## STANDARD OF REVIEW

On review of a domestic violence order, the question is not whether we would have decided the matter differently. *Gibson v. Campbell-Marletta*, 503 S.W.3d 186, 190 (Ky. App. 2016). Rather, we must determine if the circuit court's findings were clearly erroneous and if the decision constituted an abuse of discretion. *Id.* An abuse of discretion occurs if the trial court's ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Henderson Family Court committed reversible error in issuing the DVO. He maintains that the court erred in treating certain oral statements of the court as binding orders; that events occurring in January 2024, and October 2024, do not constitute domestic violence; that Appellee was never in fear of Appellant; and, that the DVO impermissibly punishes alleged contempt rather than addressing domestic violence. The focus of Appellant's claim of error, though, is that the court's finding that domestic violence had occurred and was likely to occur again was not supported by substantial evidence and was clearly erroneous.

> Kentucky Revised Statutes (KRS) 403.720(1) defines domestic violence as "physical injury, serious physical injury, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury,

> sexual abuse, or assault between family members . . . ."
> When entering a DVO, the trial court determines that a
> petitioner has shown by a preponderance of the evidence
> that an act or acts of domestic violence has occurred and
> may again occur. *See* KRS 403.750(1). *See also Bissell
> v. Baumgardner*, 236 S.W.3d 24, 29 (Ky. App. 2007). In
> order to enter a DVO, the trial court must decide that a
> petitioner is more likely than not to have been a victim of
> domestic violence. *Baird v. Baird*, 234 S.W.3d 385, 387
> (Ky. App. 2007) (quotations omitted).

*Gibson*, 503 S.W.3d at 189-90.

Turning to the matter before us, the question for our consideration is whether the court abused its discretion in finding that Appellant committed acts of domestic violence and that such acts may occur again. *English*, 993 S.W.2d at 945; *Gibson*, 503 S.W.3d at 190. Because the preponderance of the evidence standard is applied, we must determine whether the circuit court properly found that it was more likely than not that Appellant committed acts of domestic violence and that they may occur again. *Gibson*, 503 S.W.3d at 190.

In examining this issue below, the court made specific findings in support of the DVO. The court found that 1) Appellant repeatedly violated prior orders in the dissolution proceeding that were in place to protect Appellee; 2) Appellee had steadfastly testified that she was afraid of Appellant; 3) Appellant brandished a weapon and threatened to kill Appellee; and, 4) Appellant destroyed video cameras installed by Appellee to protect her from potential harm.

As noted above, the question is not whether we would have decided the matter differently; rather, we must determine if the circuit court's findings were clearly erroneous and if the decision constituted an abuse of discretion. *Id.* Here, the circuit court's findings were not clearly erroneous. The court largely accepted Appellee's testimony and her version of the events. It is entitled to make this determination, as it is best situated to judge the credibility of the witnesses. Kentucky Rules of Civil Procedure (CR) 52.01. Appellee's testimony, taken alone, constitutes substantial evidence sufficient for us to conclude that the circuit court's findings were not clearly erroneous. In addition, the court's conclusions of law were properly grounded in KRS Chapter 403. Further, and as acknowledged by Appellant in his sixth motion to hold this appeal in abeyance, the dissolution proceeding was "very related" to the instant DVO proceeding. Judge David Curlin presided over both matters, and rendered the orders in the dissolution proceeding which Appellant was accused of violating. Appellee's testimony taken alone, however, constitutes substantial evidence sufficient to conclude that the circuit court's findings were not clearly erroneous.

## CONCLUSION

For these reasons, we affirm the order of protection/domestic violence order of the Henderson Circuit Court, Family Court Division.

COMBS, JUDGE, CONCURS.

JONES, A., JUDGE, CONCURS IN RESULT ONLY.

BRIEF FOR APPELLANT:

Austin P. Vowels
Henderson, Kentucky

BRIEF FOR APPELLEE:

Jesse A. Mudd
William B. McGee
Louisville, Kentucky