MAZE, JUDGE:
*591 Justin David Cottrell (Justin) appeals from an order of the Shelby Circuit Court granting a motion by Kathrine Marie Cottrell (Kathrine) to extend a domestic violence order (DVO) against him for an additional three-year period. We find that Justin was not entitled to attend the hearing while incarcerated and that there was sufficient evidence to warrant extension of the DVO. Hence, we affirm.
During the early morning hours of December 9, 2014, Justin drove his truck into a house occupied by his wife, Kathrine, and three other people. He was immediately apprehended by police and charged with several counts of attempted murder with domestic violence, first-degree criminal mischief, driving under the influence, fleeing and evading police, and numerous other traffic charges. He was held in the Shelby County Detention Center for sixty days, and thereafter was released on bond.
Following his release, Kathrine filed a domestic violence petition based on the December 9 incident. She sought protection on behalf of herself and their child, G.C., who was present during the altercation. The family court granted an emergency protective order (EPO) and scheduled the matter for a hearing on March 4, 2015. At the conclusion of the hearing, the family court entered the DVO, requiring Justin to remain at least 500 feet away from Kathrine and G.C. at all times. The DVO further specified that it would remain in effect for three years from the date of issue.
Subsequently, Justin entered a guilty plea to four counts of first-degree wanton endangerment, four counts of first-degree criminal mischief, and other misdemeanor counts. He received a sentence totaling twenty years' imprisonment. Justin remains incarcerated on that sentence.
On February 23, 2018, Kathrine filed a motion to extend the DVO for an additional three-year period. In her motion, Kathrine stated that "[w]e wish to continue to not have contact with Respondant [sic ] and consider him dangerous no matter where he is." On February 28, the family court entered an order extending the DVO for an additional three years.
Shortly thereafter, Justin filed a motion to vacate, arguing that Kathrine's motion had not been properly served on him, and he was denied an opportunity to respond to the motion. He also argued that extension of the DVO was unnecessary because he remains incarcerated. On March 26, 2018, the family court denied the motion to vacate. The court found that all parties were now properly before the court. The court further found that Kathrine was not required to show additional acts of domestic violence to warrant extension of the DVO. Justin now appeals from this order.[1]
KRS[2] 403.740(1) provides that the district court may enter a domestic violence order if it finds from "a preponderance of the evidence that domestic violence and abuse has occurred and may again occur[.]" KRS 403.740(4)[3] further provides for the reissuance of a DVO as follows:
*592 A domestic violence order shall be effective for a period of time fixed by the court, not to exceed three (3) years, and may be reissued upon expiration for subsequent periods of up to three (3) years each. The fact that an order has not been violated since its issuance may be considered by a court in hearing a request for a reissuance of the order.
As an initial matter, Justin argues that the family court was required to conduct a hearing prior to reissuance of the DVO. He further argues that he was denied a meaningful opportunity to appear to contest Kathrine's motion to extend the DVO. Due process requires an evidentiary hearing and a meaningful opportunity to be heard prior to the entry of a DVO. Hawkins v. Jones , 555 S.W.3d 459, 462 (Ky. App. 2018). However, neither the statute nor due process requires an evidentiary hearing prior to the extension of a DVO. Kessler v. Switzer , 289 S.W.3d 228, 230-31 (Ky. App. 2009). Furthermore, an incarcerated party does not have an automatic right to attend every civil hearing. See Alexander v. Alexander , 900 S.W.2d 615, 617 (Ky. App. 1995) (Howerton, J., concurring). Since Justin did not request transportation to attend the hearing, we cannot find that he was unfairly prejudiced by the family court's failure to provide for his attendance.
The primary issue in this case is whether there was substantial evidence to support renewal of the DVO. Justin correctly points out that there was no evidence he had violated any provisions of the DVO since it was entered. Moreover, he has been incarcerated for most of the time that the DVO has been in effect, and he will remain incarcerated for the foreseeable future. Lastly, Justin states that he is enrolled in a substance abuse program and has remained free of disciplinary infractions during his incarceration. Under the circumstances, he contends that Kathrine failed to show any continuing need for the DVO.
As the trial court noted, KRS 403.740(4) does not require proof of additional acts of domestic violence before extending a DVO. Kessler , 289 S.W.3d at 231. Rather, the absence of additional actions of domestic violence is merely one factor which the court may consider in deciding whether to extend a DVO. Baird v. Baird , 234 S.W.3d 385, 387-88 (Ky. App. 2007). The trial court may consider all facts and circumstances, including the nature, extent and severity of the original acts of domestic violence, in finding that there is a continuing need for the DVO. Id. at 388 (citing Kingrey v. Whitlow , 150 S.W.3d 67, 70 (Ky. App. 2004) (Knopf, J., concurring) ).
We agree with Justin that the absence of any additional acts of domestic violence and his continuing incarceration weigh against an extension of the DVO. However, his original acts of domestic violence were severe and deliberate. Justin intentionally drove his truck into the marital residence, nearly killing Kathrine and their son. While Justin is likely to remain incarcerated for most of the term of the extended DVO, that order also protects Kathrine from any contact by Justin, not just in person.[4] The trial court specifically *593 found that Kathrine continues to have a reasonable fear of Justin. Although we cannot say that the evidence compelled a finding that extension of the DVO was warranted, we cannot find that the trial court clearly erred in so finding.
Accordingly, we affirm the order of the Shelby Family Court.
ALL CONCUR.

Although the DVO extended the protections to both Kathrine and G.C., Justin did not name the child as a party to this appeal.

Kentucky Revised Statutes.

In 2015, the General Assembly repealed and re-enacted much of KRS Chapter 403 relating to domestic violence orders, including the provisions concerning the issuance and renewal of DVOs. 2015 Ky. Acts ch. 102, § 6 (effective Jan. 1, 2016). The provisions relating to renewal of DVOs, now set out in KRS 403.740(4), are substantially the same as those previously set out in KRS 403.750(2).

In her brief, Kathrine states that she has filed an action to terminate Justin's parental rights to G.C. and to allow her current husband to adopt the child. She cites this as a basis to show a continuing need for the DVO. However, the DVO does not prohibit Justin from appearing to contest the termination of his parental rights or the adoption.