RENDERED: FEBRUARY 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED
**OPINION OF JANUARY 28, 2022, WITHDRAWN**

# Commonwealth of Kentucky
# Court of Appeals

NO. 2021-CA-0787-ME

KAYLA LEWIS                                                          APPELLANT

v.          APPEAL FROM JEFFERSON CIRCUIT COURT
            HONORABLE GINA KAY CALVERT, JUDGE
            ACTION NO. 18-D-501256-001

PATRICK LEWIS                                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND MAZE, JUDGES.

CETRULO, JUDGE: This is an appeal from a family court's decision to deny an extension of a prior domestic violence order beyond the initial three-year period previously granted by the same family court judge. We affirm.

# BACKGROUND

In May 2018, Kayla Lewis ("Kayla") filed a petition seeking a domestic violence order of protection ("DVO") for her and her children from her then husband, Patrick Lewis ("Patrick"). An emergency protection order ("EPO") was granted immediately and then an evidentiary hearing was held on the DVO petition pursuant to Kentucky Revised Statute ("KRS") 403.740(4). The family court granted the petition and entered a three-year DVO for Kayla and her children.

In January 2019, the DVO was amended to allow Patrick contact with the children in accordance with that granted in the parties' divorce proceedings. The DVO was set to expire on May 14, 2021, but in April 2021, Kayla filed a motion to extend the DVO. The parties agreed to extend the DVO until after the mediation in their divorce case which was scheduled for May 26, 2021. In mediation, the parties were unable to reach an agreement, and thereafter Patrick filed a motion to permit the DVO to expire.

In June 2021, the family court conducted a hearing on Kayla's motion to extend the DVO. Kayla did not submit evidence of any DVO violations; she stated that she suspected Patrick slashed her fiancée's tires, but admitted she had no proof. Her testimony mainly related to the ongoing issues she and her children suffer as a result of incidents that occurred prior to the initial DVO petition.

The family court concluded that the DVO would not be extended. In so ruling, the family court stated that based on the totality of the circumstances a DVO extension was not necessary. The family court further stated that this was a familiar case due to the still-pending divorce action in the same court. The court stated that there had been no evidence of a DVO violation in the past two years, nor any criminal case against Patrick. Further, the family court stated that if Patrick's behavior changed for the worse, any judge could sign another EPO and the family court would personally enter a new DVO. As a result, Kayla appealed the denial of the DVO extension.

## STANDARD OF REVIEW

Appellate review of a family court's decision to issue or extend a DVO is limited. We do not base our ruling on whether we may have reached a different conclusion, but rather whether the findings of the trial court were clearly erroneous or that it abused its discretion. *Guenther v. Guenther*, 379 S.W.3d 796, 802 (Ky. App. 2012) (citations omitted). Findings are not clearly erroneous if they are supported by substantial evidence of probative value. *Id*. Abuse of discretion occurs when a court's decision is unreasonable, unfair, arbitrary, or capricious. *Kuprion v. Fitzgerald*, 888 S.W.2d 679, 684 (Ky. 1994) (citations omitted). But we must give deference to the trial court's decision because the trial court is in the best position to judge the credibility of the witnesses. *Moore v. Asente*, 110

S.W.3d 336, 354 (Ky. 2003). (*See also* Kentucky Rule of Civil Procedure (CR) 52.01 that states "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.")

## ANALYSIS

Kayla argues the court abused its discretion by denying the DVO extension. Kayla claims that the court merely paid lip service to the "totality of the circumstances" but didn't fully consider the totality of the circumstances. Kayla argues the court erred by relying solely on Patrick's lack of additional DVO violations. We do not agree.

First, we look at the statutes themselves. Following a hearing, a court may only enter a DVO if the petitioner shows by "a preponderance of the evidence that domestic violence and abuse ha[ve] occurred and may again occur[.]" KRS 403.740(1). Thereafter, KRS 403.740(4) states:

> A domestic violence order shall be effective for a period of time fixed by the court, not to exceed three (3) years, and may be reissued upon expiration for subsequent periods of up to three (3) years each. The fact that an order has not been violated since its issuance may be considered by a court in hearing a request for a reissuance of the order.

The statute clearly states that the fact that an order has *not* been violated *may* be considered by the court in hearing a request for reissuance of an order. In other words, "the absence of additional actions of domestic violence is

-4-

merely one factor which the court may consider in deciding whether to extend a DVO." *Cottrell v. Cottrell*, 571 S.W.3d 590, 592 (Ky. App. 2019).

However, because the reissuance of a DVO has significant consequences for the parties, it is equally clear that it may not be extended as a matter of course upon request. *Wright v. Wright*, 181 S.W.3d 49, 52 (Ky. App. 2005) (listing several severe consequences[1] of an EPO or DVO and emphasizing that EPOs/DVOs should not be entered "improperly, hastily, or without a valid basis"). The law requires some showing of a continued need for the DVO to be presented to the court, although additional acts of domestic violence need not be proven. *Rupp v. Rupp*, 357 S.W.3d 207, 209 (Ky. App. 2011) (citation omitted).

Kayla presents a compelling argument as to the intent of this statutory scheme which was to provide immediate short-term protection and immediate law enforcement action. We do not disagree. However, the courts are "tasked with a great responsibility in determining whether reissuance is warranted[.]" *Id.*

In *Cottrell*, this Court held that "neither the statute nor due process requires an evidentiary hearing prior to the extension of a DVO." 571 S.W.3d at 592 (citation omitted). In this case, however, the family court held a hearing and

---

[1] Such as "immediate loss of one's children, home, financial resources, employment, and dignity[,]" and including the fact that "one becomes subject to immediate arrest, imprisonment, and incarceration for up to one year for the violation of a court order, no matter what the situation or circumstances might be." *Wright*, 181 S.W.3d at 52.

based upon the evidence presented at the hearing, concluded that the totality of circumstances did not support extending the DVO. It is apparent from the record that more than just the lack of a new violation was taken into consideration by the court. The court expressed familiarity with the issues and parties due to the divorce proceedings also in the same family court jurisdiction. Before rendering an opinion, the court heard testimony from both parties, including Kayla's carrying a weapon when around Patrick. The court asked about victim counseling and made known her awareness as to the degree of the trauma in the matter. The court stated to Patrick that "[t]his family has suffered a trauma at your hands, and they are still working on rebuilding."

After careful review of the record, we believe the family court did consider the totality of circumstances and based the extension denial on substantial evidence. As this Court held in *Rupp*, to reissue a DVO there must be some showing of a continued need. *Rupp*, 357 S.W.3d at 209. In this case, Kayla simply did not present sufficient evidence to prove an ongoing need, despite being given a full opportunity to do so.

For the foregoing reasons, the trial court did not abuse its discretion when denying the extension of the DVO and therefore, we AFFIRM the ruling of the Jefferson Circuit Court.

CALDWELL, JUDGE, CONCURS.

MAZE, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

MAZE, JUDGE, DISSENTING:  As a general rule, I agree with the majority that the family court has considerable discretion whether to extend a domestic violence order.  And as the majority observes, the family court correctly stated that it was applying the "totality of the circumstances" test which this Court has previously applied in *Cottrell v. Cottrell*, 571 S.W.3d 590 (Ky. App. 2019); *Rupp v. Rupp*, 357 S.W.3d 207 (Ky. App. 2011); and *Baird v. Baird*, 234 S.W.3d 385 (Ky. App. 2007).  Nevertheless, I reluctantly conclude that the family court misapplied this test in denying Kayla's motion to extend the DVO.  Therefore, I respectfully dissent from the majority opinion.

As discussed in *Cottrell*, a court may consider "all facts and circumstances, including the nature, extent and severity of the original acts of domestic violence, in finding that there is a continuing need for the DVO." *Cottrell*, 571 S.W.3d at 592 (citing *Baird*, 234 S.W.3d at 388).  The original circumstances surrounding the entry of the DVO in this case were especially egregious.  Kayla alleged that Patrick had made repeated threats to kill her and the children.  He had also threatened to kill himself in front of the children, and he engaged in reckless and self-destructive behavior around her and the children. Kayla testified about several incidents of significant domestic violence, including sexual assault, by Patrick against her.  Kayla also testified that the children

-7-

continue to have nightmares about Patrick, and they receive ongoing therapy to deal with what they witnessed. The family court acknowledged that fear of Patrick expressed by Kayla and the children is reasonable.

In my view, the family court placed an undue emphasis on the fact that no dependency/neglect/abuse (D/N/A) action was ever filed on behalf of the children. The court stated its belief that these issues should have been addressed on its D/N/A docket, rather than on its DVO docket. This is simply not a relevant consideration. KRS 620.070(1) permits "any interested person" to commence the filing of a D/N/A petition. However, the filing of a petition is not an exclusive remedy precluding relief in a different proceeding. In this case, the Cabinet elected not to file a D/N/A petition because Kayla obtained the DVO and the ongoing matters concerning custody could be addressed in the dissolution action. Neither Kayla nor the Cabinet were obligated to bring a D/N/A petition to protect the interests of the children, and the family court clearly erred in so finding.

In addition, KRS 403.740(4) provides, in pertinent part, "[the] fact that an order has not been violated since its issuance may be considered by a court in hearing a request for a reissuance of the order." Here, the family court acknowledged Kayla's allegation that Patrick had slashed the tires of her fiancé in 2019. But the court never addressed whether it considered that allegation to be substantiated. The family court only stated that Patrick had not been criminally

-8-

charged since the issuance of the DVO, and there were no additional allegations of a violation of the DVO since the 2019 incident. In my view, *any* allegations of violations of the terms of a DVO during its effective period must be given considerable weight, regardless of whether they result in criminal or contempt charges.

A trial court abuses its discretion when its decision rests on an error of law (such as the application of an erroneous legal principle or a clearly erroneous factual finding), or when its decision cannot be located within the range of permissible decisions allowed by a correct application of the facts to the law. *See Miller v. Eldridge*, 146 S.W.3d 909, 915 n.11 (Ky. 2004). In this case, I believe that the family court gave inappropriate weight to irrelevant factors and failed to give proper weight to the relevant factors given the totality of the circumstances. As a result, I would conclude that the family court's decision not to extend the DVO amounted to an abuse of its discretion. While the family court may still conclude that Kayla has not shown a continuing need for the DVO, she is entitled to have that determination made after a proper consideration of all relevant factors. Consequently, I would reverse the denial of the DVO in this case and remand for additional findings.

BRIEFS FOR APPELLANT:

Dina L. Abby
Louisville, Kentucky

BRIEF FOR APPELLEE:

Justin R. Key
Prospect, Kentucky