RENDERED: APRIL 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1012-ME

DAVID IZAGUIRRE                                                          APPELLANT

v.     APPEAL FROM FAYETTE CIRCUIT COURT
       HONORABLE KATHY W. STEIN, JUDGE
       ACTION NO. 12-D-00942-001

BRENDA HERNANDEZ                                                          APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND LAMBERT, JUDGES.

CETRULO, JUDGE: David Izaguirre appeals from an order of the Fayette Family

Court which reissued a domestic violence order (DVO). David's ex-wife, Brenda

Hernandez, and the parties' two minor children are protected by the DVO. Upon

careful review, we vacate the DVO and remand for proceedings consistent with

this Opinion.

The record before us indicates David and Brenda were previously married and their divorce was finalized in August 2009. Brenda filed the original domestic violence petition on September 27, 2009, in Jessamine County, which stated:

> [y]esterday, [David] showed up to my [apartment] at around 12:45 pm. I have asked him multiple times that he can't come over unannounced. I opened the door & when I saw it was him, I tried to close the door & he was trying to push himself inside. After I locked and reclose[d] the door, I got my phone and called 911. My children opened the door. I got the kids inside and settled. The officer came & I was able to talk with him. David was supposed to have the kids this weekend & he chose not to see the kids. He continues to say [that] he wants to speak and/or see the kids, but often choses [sic] not to see or have visitation with the kids. We have had multiple confrontations that tend to escalate, but they are increasing in frequency. When he wants to speak with or about the kids, or see the kids, he will harass me. He will call incessantly to my cell, work or even texting. When we speak, the conversation is not really about the kids but it turns to an argument about the "relationship" or an interrogation about what I'm doing or why he needs to see the kids. I have asked him on multiple occasions to not contact me. I have asked him verbally & even written in texts. I have asked him to text me if & when he wants to speak or see the kids, but he does not.
>
> He has been physically abusive in the past and has been & continues to be verbally abusive. Things have escalated recently because I will no longer lend him my vehicle for visitations. I'm letting him take responsibility for his actions. I'm afraid of what he can do when he is angry. He can't control me & that bothers and angers him.

-2-

The original DVO was entered on October 7, 2009. David did not appeal. He was permitted to have visitation with the children per the terms of the DVO, but the record before us shows it was amended thereafter to mirror David's visitation schedule in the divorce/custody case. The DVO was reissued on September 19, 2012, for another three years. The case was then transferred to the Fayette Family Court on September 26, 2012.[1]

Brenda motioned the family court to have the DVO reissued for a second time, and a hearing was held on October 15, 2015. David had moved to Georgia and appeared telephonically and *pro se* for the hearing. Brenda's counsel explained to the family court that there had been a violation of the DVO in the past.[2] David indicated he was not concerned about the DVO protecting Brenda, but he wanted to see his children. He was advised by both Brenda's attorney and the family court to file a motion in the divorce/custody action. The DVO was reissued for another three years, and the parties were ordered to "use Fayette Co. court schedule" regarding visitation with the children.

---

[1] The record before us indicates the divorce/custody action was also transferred to Fayette County in 2012. The hearings that took place in the DVO action in Jessamine County do not appear in the record before us.

[2] A police report from 2011 appears in the record before us and references that David allegedly made a telephone call to Brenda, but it is unclear if this is the same violation mentioned in the hearing.

Upon motion by Brenda, the family court had another hearing to reissue the DVO on September 20, 2018. David was still residing in Georgia and had been served just one day prior to the hearing, so the family court contacted him telephonically. He was again *pro se*. David told the family court that he did not care about extension of the DVO, he just wanted to see and communicate with his children. He was again instructed to address custody and visitation in the divorce/custody action. The DVO was extended for another three years and does not contain orders regarding visitation of the children.

On July 19, 2021, Brenda filed another motion to extend the DVO. The family court held a hearing on July 29, 2021. David was still living in Georgia, and the family court did not attempt to contact him telephonically for the hearing.[3] In his brief to this Court, David does not deny service and states that he

---

[3] Although not raised on appeal, we note that Kentucky Supreme Court Administrative Order 2021-16(B) was in effect on July 29, 2021. The administrative order allowed litigants to appear remotely due to the ongoing COVID-19 pandemic and states, in relevant part,

> 1. **Courts are encouraged to continue hearing civil and criminal matters using available telephonic and video technology to conduct proceedings remotely**. Any remote proceedings shall be scheduled through the judge's office.
>
> 2. Any individual currently scheduled to appear remotely for a court proceeding shall be allowed to appear remotely.

(Emphasis in original.) Although there is no indication in the record before us that the family court attempted to reach David telephonically as it had at prior hearings, there is also no indication that David made a request to appear remotely.

was served ten days before the hearing, but he contends that was not enough time for him to arrange to appear due to employment obligations. The family court reissued the DVO for another three years. This appeal followed. Further facts will be developed as necessary.

David raises two issues on appeal. First, he argues the family court erred because there was no evidence to support the reissuance of the DVO. We agree. David also argues that continuous extension of the DVO is essentially a termination of his parental rights. We disagree, but because we are vacating and remanding on the first issue, we only briefly address his second argument.

The reissuance of a DVO is subject to the following standard of review:

> [t]he standard of review for factual determinations is whether the family court's finding of domestic violence was clearly erroneous. Findings are not clearly erroneous if they are supported by substantial evidence. [I]n reviewing the decision of a trial court the test is not whether we would have decided it differently, but whether the findings of the trial judge were clearly erroneous or that he abused his discretion. Abuse of discretion occurs when a court's decision is unreasonable, unfair, arbitrary or capricious.

*Caudill v. Caudill*, 318 S.W.3d 112, 114-15 (Ky. App. 2010) (internal quotation marks and citations omitted).

The reissued DVO was entered by the family court on the standard form AOC-275.3, entitled "Order of Protection." On the form, the family court

-5-

checked the box finding for Brenda against David because "it was established, by a preponderance of evidence, that an act(s) of domestic violence and abuse has occurred and may again occur[.]" In addition to the standard form, the family court entered a handwritten order stating, "testimony from [petitioner]: child still experiencing trauma." However, the family court made these findings after conducting a hearing that, in its entirety, was just over one minute in length. Because of the extreme brevity of the hearing and lack of substantial evidence, we hold the family court's findings were clearly erroneous.

The recording of the hearing in the record before us begins with Brenda being sworn in. The family court then told Brenda and her counsel, "This isn't going to be long, you don't even need to sit down." When the family court asked Brenda why she believed the DVO needed to be extended, she did not speak. Rather, her counsel briefly addressed the court. The family court then asked Brenda if what counsel stated is true and Brenda responded in the affirmative. Counsel then stated, "The good news is he's abiding by the order as long as it's in place." The hearing concluded with the family court granting Brenda's motion to extend the DVO.[4]

---

[4] We note the DVO indicates expiration is July 29, 2024 (*i.e.*, three years), while the separate handwritten order entered on the same date states "extend 2 years same conditions."

KRS[5] 403.740(4) states,

> [a] domestic violence order shall be effective for a period of time fixed by the court, not to exceed three (3) years, and may be reissued upon expiration for subsequent periods of up to three (3) years each. The fact that an order has not been violated since its issuance may be considered by a court in hearing a request for a reissuance of the order.

It is well-settled that neither due process nor the statute requires an evidentiary hearing prior to reissuance of a DVO. *See Cottrell v. Cottrell*, 571 S.W.3d 590, 592 (Ky. App. 2019); *Kessler v. Switzer*, 289 S.W.3d 228, 230-31 (Ky. App. 2009). Nevertheless, there must be *some* showing of a continued need for the DVO to be presented to the court, although additional acts of domestic violence need not be proven. *Baird v. Baird*, 234 S.W.3d 385, 388 (Ky. App. 2007). After careful review of the record before us, we discern no showing of a continued need based on the brief proceedings held before the family court.

We begin by noting that "the events" were not defined by counsel or Brenda. It was unclear if counsel was referring to the events in the original petition, filed twelve years prior when the children were just two and three years of age, or if there were intervening events. Counsel also did not define "after effects" and Brenda did not testify to the meaning of the phrase. For example, it was not explained to the family court if the child was in counseling or therapy as a result of

---

[5] Kentucky Revised Statutes.

domestic violence or if the child has behavioral or other issues. It was also not specified which child of the two is experiencing the "after effects." The family court found the child was "still experiencing trauma," but the word "trauma" was never used by Brenda or her counsel. Also, David's "intentions," should the DVO be allowed to expire, were not defined. There was no evidence presented that David made additional threats of domestic violence towards Brenda or the children since the original petition was filed in 2009, nor was there otherwise any clarification as to what counsel meant when referring to David's "intentions." Furthermore, Brenda did not express an ongoing fear of domestic violence from David towards either her or the children.

In *Baird*, this Court initially remanded the action for additional proceedings, and the majority noted it was troubled by the "brevity of the reissuance hearing conducted by the family court." 234 S.W.3d at 386. On remand, the family court conducted a hearing and again reissued the DVO. On appeal for the second time, this Court affirmed, holding "the family court was familiar with the history of the parties, and was within its authority to weigh the testimony, make credibility judgments, and conclude that the evidence supported the reissuance of the DVO." *Id.* at 388.

In the instant action, it is not apparent whether the family court is familiar with the history of the parties. As previously stated, the parties' divorce

was finalized in 2009, and was transferred to Fayette County in 2012. At the hearing to extend the DVO in 2018, Brenda's counsel indicated the last activity in the divorce/custody action was in 2014. It is unknown from the record before us if there was any activity between 2018 and 2021; however, the divorce/custody case was not referenced during the July 29, 2021 hearing. Moreover, the family court was unable to weigh testimony or make credibility judgments because there was no testimony presented.

Because the reissuance of a DVO has significant consequences for the parties, it is equally clear that it may not be extended as a matter of course upon request. *Wright v. Wright*, 181 S.W.3d 49, 52 (Ky. App. 2005). Stated differently, a DVO may not be reissued merely at the request of the petitioning party. *Kessler*, 289 S.W.3d at 232. Yet, that was precisely what happened here. In a hearing that lasted just over one minute, there was no evidence presented to support reissuance of the DVO for the fourth time. We make no conclusions about whether the evidence would ultimately support reissuance of the DVO on remand. *Baird*, 234 S.W.3d at 386. The family court may consider *all facts and circumstances*, including the nature, extent, and severity of the original acts of domestic violence, in finding that there is a continuing need for the DVO. *Id.* at 388 (emphasis added). Accordingly, we vacate the order reissuing the DVO and remand for proceedings consistent with this Opinion.

We now turn to David's second argument. He contends that continual reissuing of the DVO by the family court is "effectively an involuntary termination of [his] parental rights" and that he has been denied due process under the 14th Amendment of the United States Constitution. We disagree. The original DVO listed specific days and times that David was to have visitation with the children. The record before us contains an order from the Jessamine Family Court entered in 2011 that details David's visitation with the children and the drop-off and pick-up procedure to be utilized by the parties. In 2015, the DVO stated that the parties were to follow the Fayette County court schedule for visitation. It is unknown from the record before us if David fully utilized this schedule or if he utilized it at all. However, at the hearing in 2015, David testified it had been over three years since he had seen his children. In 2018, David testified he had been to Kentucky, where the children reside, just once in seven years. Both the family court and Brenda's attorney instructed David on at least two separate occasions that he could address any issue he has regarding custody and visitation by filing a motion in the divorce/custody case. It was apparent from the 2018 hearing that David had not attempted to file a motion in the divorce/custody action since at least 2014, if not earlier. Based on the record before us, David has never been prevented from pursuing custody and visitation with the children outside of the DVO proceedings and his parental rights have certainly not been terminated. KRS Chapter 625

governs involuntary termination of parental rights and is wholly inapplicable to the facts and circumstances of this domestic violence action.  Because we are remanding on a separate issue, we decline to further address this argument.

For the reasons stated herein, the DVO entered by the Fayette Family Court is vacated and the matter remanded for proceedings consistent with this Opinion.

ALL CONCUR.


BRIEF FOR APPELLANT:

Derrick L. Harris
Lexington, Kentucky

BRIEF FOR APPELLEE:

Clay Duvall
Lexington, Kentucky