RENDERED:  MAY 19, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1148-MR

ALTON FRANKLIN                                                    APPELLANT

v.

APPEAL FROM DAVIESS CIRCUIT COURT
HONORABLE JOE CASTLEN, SPECIAL JUDGE
ACTION NO. 21-D-00233-001

JESSICA DAWSON                                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE:  Alton Franklin ("Appellant") appeals from an amended domestic violence order entered by the Daviess Circuit Court on August 24, 2022, and order entered August 29, 2022, finding Appellant to be in contempt. Appellant argues that the circuit court erred in entering into evidence an unauthenticated internet page and speculative testimony.  He also asserts that even if the internet page was properly entered into evidence, he had a First Amendment

right to make the comments it contained. He seeks an opinion reversing and remanding the orders on appeal. After careful review, we find no error and affirm the August 24, 2022, and August 29, 2022 orders.

## FACTS AND PROCEDURAL HISTORY

On September 9, 2021, the Daviess Circuit Court entered a Domestic Violence Order ("DVO") barring Appellant from having contact with his wife, Jessica Dawson ("Appellee"), for one year. The marriage produced one child ("Child") who was born in 2011. The parties separated and were divorced by way of a decree of dissolution entered on September 28, 2022.

On August 8, 2022, Appellee filed a motion in Daviess Circuit Court to amend the DVO by adding Child as a protected party and extending the term barring contact. Appellee also moved for an order directing Appellant to appear and show cause why he should not be held in contempt for failing to comply with the DVO.

A hearing on both motions was conducted on August 24, 2022, where Appellee testified. Appellant resided out of state and testified at the hearing via telephone. In support of the motions, Appellee alleged that Appellant had a YouTube channel on which he posted a claim that an unknown person threatened to release sexual photographs and videos of Appellant and Appellee. Appellee asserted that this was a veiled threat intended to intimidate her and coerce her into

-2-

not seeking an extension of the DVO.  Appellant acknowledged that the YouTube channel was his, but testified that the channel was hacked multiple times and the content complained of by Appellee was not made by him.  Appellant objected to the introduction of the YouTube evidence, claiming that it was not his content, that it did not identify Appellee by name, and that he did not send it to her by email, text, or any other means.

After considering the proof, the Daviess Circuit Court entered an amended DVO on August 24, 2022.[1]  The amended DVO added Child as a protected party, and extended the no-contact provision until August 24, 2025.  On August 29, 2022, the court entered a separate order sustaining Appellee's show cause motion.  The August 29, 2022 order sentenced Appellant to six months in jail for violating the original DVO, with the proviso that the court could probate the sentence at its discretion if Appellant refrained from future direct or indirect threats against Appellee.  This appeal followed.

**ARGUMENTS AND ANALYSIS**

Appellant, through counsel, now argues that the Daviess Circuit Court erred in improperly admitting and relying on unauthenticated internet evidence

---

[1] The amended order was incorrectly designated on form AOC-275.3 as an amended interpersonal protective order rather than an amended domestic violence order.  Per Kentucky Revised Statutes (KRS) 456.060(1), a personal protective order addresses only claims of dating violence, which is not at issue herein.  In addressing the amended DVO, we will use the terms "amended" and "reissued" interchangeably.

-3-

which was merely speculative in nature. Appellant argues that authentication is a condition precedent to admissibility, and that the YouTube content at issue was not shown to be produced by Appellant nor distributed to Appellee. Appellant maintains that Appellee's subjective feelings about Appellant's YouTube channel do not constitute evidence, and do not demonstrate that the YouTube content was produced by Appellant nor intended to harass or intimidate Appellee. He asserts that even if the wrongly admitted evidence was accurate, the error was compounded because the circuit court used it to improperly curtail Appellant's right to free speech and right to bear arms.[2] He seeks an opinion reversing the amended DVO and contempt order and remanding the matter to the circuit court.

KRS 403.740(4) addresses the reissuance of a DVO and states:

> A domestic violence order shall be effective for a period of time fixed by the court, not to exceed three (3) years, and may be reissued upon expiration for subsequent periods of up to three (3) years each. The fact that an order has not been violated since its issuance may be considered by a court in hearing a request for a reissuance of the order.

In 2019, a panel of this Court determined that no proof of additional acts of domestic violence is required before reissuing a DVO. *Cottrell v. Cottrell*, 571 S.W.3d 590, 592 (Ky. App. 2019). "The trial court may consider all facts and

---

[2] The amended order required Appellant to surrender his Kentucky license to carry a concealed firearm.

circumstances, including the nature, extent and severity of the original acts of domestic violence, in finding that there is a continuing need for the DVO." *Id.* (citations omitted). Further, neither the statute governing domestic violence orders nor the constitutional right to due process requires an evidentiary hearing prior to extending the term of a DVO. *Id.* In the context of a DVO proceeding, "violence" may be found "when the accumulation of . . . acts over time can subject one intimate partner to the other's control." *United States v. Castleman*, 572 U.S. 157, 165-66, 134 S. Ct. 1405, 1411-12, 188 L. Ed. 2d 426 (2014).

Further,

> [i]n its role as factfinder, the trial court may necessarily have to consider the credibility of each witness. The trier of fact has the right to believe the evidence presented by one litigant in preference to another . . . [and] may believe any witness in whole or in part. The trier of fact may take into consideration all the circumstances of the case, including the credibility of the witness. On appeal, we are mindful of the trial court's opportunity to assess the credibility of each witness, and as such, we would only alter the court's findings if they were clearly erroneous.

*Sewell v. Sweet*, 637 S.W.3d 330, 335 (Ky. App. 2021) (internal quotation marks and citations omitted).

In the matter before us, the circuit court conducted a hearing on Appellee's motion to amend the DVO and on the motion to show cause. The court considered the testimony of both parties and found that Appellant was not a

credible witness. The court was persuaded by Appellee's testimony that she was familiar with Appellant's voice and usage of social media; by exhibits which demonstrated threats to Appellee of showing explicit videos and photographs; and, by Appellee's testimony of her belief that the threats were a means of coercing her not to continue the domestic violence proceeding.

We conclude that the Daviess Circuit Court properly considered the motions before it, and that its rulings are supported by the record and the law. Per *Cottrell*, no proof of additional acts of domestic violence was required to extend the DVO. *Arguendo*, even if additional proof were required, Appellee's testimony and evidence, coupled with the finding that Appellant lacked credibility, would form a proper basis for extending the term of the DVO. Similarly, the same testimony and evidence were sufficient to sustain Appellee's show cause motion, as this testimony and evidence supported Appellee's claim that Appellant's actions violated the DVO.

Appellant also briefly argues that the amended DVO infringes upon his right to free speech and right to bear arms. He has not, however, cited any case law or statutory law supportive of the argument that the scope or term of the DVO abridges his constitutional rights. A DVO necessarily restricts the offending party's speech and conduct. Our research has revealed no basis for concluding that

Appellant's constitutional rights have been improperly infringed by the amended DVO.  We find no error.

## **CONCLUSION**

For these reasons, we affirm the orders of the Daviess Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:             NO BRIEF FOR APPELLEE.

Evan Taylor
Owensboro, Kentucky