RENDERED:  OCTOBER 6, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0597-ME

ANTHONY JAKE PRATER             APPELLANT

v.          APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE TIFFANY YAHR, JUDGE
ACTION NO. 15-D-00610-001

JUANITA RAMOS             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

COMBS, JUDGE:  Appellant, Anthony Jake Prater (Anthony), appeals from an Order of the Fayette Circuit Court extending a Domestic Violence Order (DVO) against him. After our review, we affirm.

Anthony and Juanita were married in 2013 and have a child together. They have since divorced.

By way of background, on August 4, 2015, Juanita filed an initial DVO petition/motion against Anthony, alleging that he became enraged, destroyed

a coffee table, and then swatted the back of her hair. On October 1, 2015, the court entered a two-year DVO to be effective until October 1, 2017. On January 7, 2016, the court entered an amended DVO on Juanita's motion to permit non-violent contact after an attempted reconciliation. On May 30, 2017, Juanita moved to amend the DVO to no contact and to extend it for three years. On June 1, 2017, the court entered an amended DVO effective until June 1, 2020. On May 17, 2020, Juanita filed a motion to amend and asked the court to extend the prior DVO because of her continued fear of Anthony. Ultimately, on June 11, 2020, the court entered an amended DVO effective until June 11, 2023, which reflects that the persons protected by the Order are Juanita as the Petitioner and the parties' daughter, A.P., who is listed as an "[o]ther protected person(s) or protected minor(s)[.]"

On April 6, 2023, Juanita filed a motion to amend the prior DVO for herself and daughter because of safety concerns. Following a hearing on May 4, 2023, at which both Juanita and Anthony testified and were represented by their respective counsel, the court entered an amended DVO and extended it until December 31, 2023. That amended DVO is the subject of this appeal.

The amended DVO was filed on Form AOC-275.3 and, as noted earlier, reflects that the persons protected by the Order are Juanita as the Petitioner

and the parties' daughter, A.P., who is listed as an "[o]ther protected person(s) or protected minor(s)[.]"

Additionally, the court made detailed typewritten findings on a docket sheet order (also entered May 4, 2023) as follows:

> P's motion to extend DVO. Parties have a history in Clark Co. R objects and states that collateral effects are harming R.[1]
>
> P testifies – the 2015 order was entered as R was using drugs, putting daughter in harms way. R physically went to hit P and she moved out of the way. This occurred in front of the child. Extensive litigation is occurring in Clark Co. for custody and TPR [Termination of Parental Rights]. R has violated the DVO in 2017 after the divorce was filed, R was in the back of P's car throwing things at her. Child was also in the car and criminal charges were filed. DVO was extended from 2017-2020. Post 2020, there have been posts on social media which are in evidence in Clark Co. P has moved and she does not trust R to not do something to her and she does not feel safe. She is afraid and afraid for her child. Admits there has been no physical contact between the parties since 2017. P also does not believe R has complied with assessments by Clark Co. Court, including anger management and MH [mental health].
>
> R testifies – he's had no contact with P since 2017. R is engaged in AM [anger management] classes with The NEST. Also taking parenting classes and has completed the course. R admits to a history of drug use but has been clean for over two years except he had some beer on 7/4/21 at a party. This was a violation of the court's order. No violations since that time. DVO has prevented him from getting a management position with

---

[1] P refers to the Petitioner, Juanita; R refers to the Respondent, Anthony.

-3-

a potential employer. Admits he is diagnosed bi-polar but takes medication.

Court finds that pursuant to KRS[2] 403.740(4) & *Cottrell v. Cottrell*, that the P has reasonable fear for her safety. Simply because there have been no violations of the DVO does not prohibit an extension of the DVO. Court also takes into consideration the initial findings of DV in 2015, the court's first extension in 2020, and the ongoing extensive litigation, including a TPR. The Court believes this stressful condition could reasonably allow the P to have continued fear.

DVO extended to 12/31/23. All terms to remain the same. Transfer this matter to Clark Co. as other litigation is pending with these parties.

Anthony appeals. He contends that the trial court abused its discretion by granting the amended DVO to Juanita on May 4, 2023, that the extension of the DVO is unsupported by the evidence, and that it is unjust to him. In particular, Anthony contends that in order to extend a DVO, the court must consider the absence of further domestic violence and whether there is a basis for the victim's fear of the perpetrator; that when a court decides to extend a DVO, it must weigh the negative collateral impact on the perpetrator against the benefits of continuing the DVO; and that extending the DVO against Anthony would violate the original intent of the legislature in 1984, which was not to create a collateral effect on the

---

[2] Kentucky Revised Statutes.

perpetrators of domestic violence but merely to keep the victim safe and apart from the perpetrator.

"When we review a decision of the family court, the test is not whether the appellate court would have decided it differently, but whether the findings of the family court are clearly erroneous, whether it applied the correct law, or whether it abused its discretion." *Williford v. Williford*, 583 S.W.3d 424, 427 (Ky. App. 2019) (internal quotation marks and citations omitted).

KRS 403.740(4) provides in relevant part that a DVO "may be reissued upon expiration for subsequent periods of up to three (3) years each. The fact that an order has not been violated since its issuance may be considered by a court in hearing a request for a reissuance of the order."

> **[N]either the statute nor due process requires an evidentiary hearing prior to the extension of a DVO**. . . .
>
> . . . .
>
> . . . **KRS 403.740(4) does not require proof of additional acts of domestic violence before extending a DVO**. Rather, the absence of additional actions of domestic violence is merely one factor which the court may consider in deciding whether to extend a DVO. The trial court may consider all facts and circumstances, including the nature, extent and severity of the original acts of domestic violence, in finding that there is a continuing need for the DVO.

*Cottrell v. Cottrell*, 571 S.W.3d 590, 592 (Ky. App. 2019) (emphases added) (citations omitted).

In the case before us, the court properly applied Kentucky law and considered all relevant facts and circumstances, including the collateral effects of the DVO upon Anthony. The trial court also made a specific finding that Juanita has a reasonable fear for her safety in light of the ongoing litigation between the parties and that this stressful condition could reasonably allow Juanita to have continued fear. "A reviewing court must give due regard to the trial court's judgment as to the credibility of the witnesses." *Williford*, *supra*, at 428. We are satisfied from our review of the record that the court's findings have a substantial evidentiary foundation, and we find no abuse of discretion.

Although not addressed by the parties, we note this Court's recent decision in *Herrell v. Miller*, No. 2022-CA-1199-ME, 2023 WL 4139889 (Ky. App. 2023), which held that the family court was required to appoint a guardian *ad litem* (GAL) for a minor child in a DVO proceeding in accordance with *Smith v. Doe*, 627 S.W.3d 903 (Ky. 2021). In *Smith*, our Supreme Court held "that CR[3] 17.03 mandates the appointment of a GAL for an unrepresented minor party to an IPO case. '[T]he GAL is the child's agent and is responsible . . . for making motions, for introducing evidence, and for advancing evidence-based arguments on

---

[3] Kentucky Rule of Civil Procedure.

the child's behalf.'" *Smith*, 627 S.W.3d at 915 (quoting *Morgan v. Getter*, 441 S.W.3d 94, 114 (Ky. 2014)).

In *Herrell*, the family court entered an amended DVO on behalf of the mother and the parties' minor child following a hearing where both parents were present and represented by counsel. The family court also heard testimony from the child, but it did not appoint a GAL for the child. The father appealed. This Court explained that:

> [Appellant] correctly asserts that our caselaw mandates the trial court appoint an attorney in the absence of representation for a minor child who is party in a protective order hearing. *Smith*, 627 S.W.3d [at] 903. Additionally, [the mother's] attorney only noticed his appearance on [the mother's] behalf . . . ; however, the failure on the part of the family court to appoint a guardian *ad litem* in this case was harmless error.
>
> . . . .
>
> While [the mother's] attorney did not formally announce he represented Child, his representation during the hearing was in conformity with the intentions of the Kentucky Supreme Court in *Smith*, [*supra*,] which described the role of a GAL[.]

*Herrell*, 2023 WL 4139889, at *4.

We are satisfied that Juanita's counsel's representation at the hearing was in conformity with the role of the GAL as described in *Smith*. We conclude that any error in the trial court's failure to appoint a GAL under the facts of this case was harmless.

Accordingly, we affirm.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Dodd D. Dixon
Winchester, Kentucky

BRIEF FOR APPELLEE:

Nanci M. House
Winchester, Kentucky