RENDERED:  FEBRUARY 16, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0991-ME

NINAMARY BUBA, F/K/A
NINAMARY B. MAGINNIS                                                    APPELLANT


                      APPEAL FROM JEFFERSON CIRCUIT COURT
v.                    HONORABLE GINA KAY CALVERT, JUDGE
                      ACTION NO. 06-D-503254-002


THOMAS MAGINNIS                                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; EASTON AND GOODWINE,
JUDGES.

THOMPSON, CHIEF JUDGE:  Ninamary Buba, f/k/a Ninamary B. Maginnis

("Appellant") appeals from a July 20, 2023 order of the Jefferson Circuit Court

denying her motion to extend a domestic violence order ("DVO") prohibiting her

former husband, Thomas Maginnis ("Appellee"), from contacting her.  Appellant

argues that the circuit court erred in failing to consider all of the facts in support of

her motion to reissue the DVO, including the severity of Appellee's past violence, his personality disorders, and his ongoing, relentless attacks in the parties' former dissolution of marriage proceeding. She requests an opinion reversing the order on appeal and directing the circuit court to enter a three-year extension of the DVO. After careful review of the record and the law, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

In 2006, the parties were in the midst of a dissolution of marriage proceeding. That same year, Appellant filed a petition seeking a DVO against Appellee. In support of the petition, Appellant made various claims about Appellee's alcoholism and his threats to harm her. A no contact DVO was entered on November 6, 2006. The DVO was dismissed the following year.

On July 10, 2017, Appellant filed a second petition for a DVO, in which she alleged that Appellee was stalking, bullying, and harassing her. It appears that the parties had re-married in the intervening years and were going through another divorce. In the second petition, Appellant alleged that Appellee was an alcoholic and a heavy drug user. A no contact DVO was entered on July 17, 2017, for a period of three years. At the expiration of the DVO, Appellant moved for and received an extension of the DVO until June 12, 2023.

Just before the DVO was to end in 2023, Appellant moved for another three-year extension. In support of the motion, Appellant cited Appellee's mental health disorders and stated that she was still afraid of him. A hearing on the motion was conducted, where the parties gave testimony. Appellee testified that he had no contact with Appellant for six years and had been sober for seven years.

On July 20, 2023, the Jefferson Circuit Court rendered an order denying Appellant's motion to extend the DVO for an additional three years. After citing the relevant case law, the circuit court declined to extend the DVO because Appellee had no contact with Appellant outside of a courtroom since 2017. It noted that Appellee's bad choices in the past resulted from alcohol or drug intoxication, and that Appellee testified he had been sober for about seven years at the time of the hearing. Based on the totality of the circumstances, as well as case law from a panel of this Court overturning the extension of an interpersonal protective order when no new threats or bad conduct had occurred, the circuit court denied Appellant's motion for a three-year extension of the DVO. This appeal followed.

## STANDARD OF REVIEW

On review of a domestic violence order, the question is not whether we would have decided the matter differently. *Gibson v. Campbell-Marletta*, 503 S.W.3d 186, 190 (Ky. App. 2016). Rather, we must determine if the circuit court's

findings were clearly erroneous and if the decision constituted an abuse of discretion. *Id.* An abuse of discretion occurs if the trial court's ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Jefferson Circuit Court committed reversible error in denying her motion to extend the 2020 DVO for another three years. She directs our attention to Kentucky Revised Statutes ("KRS") 403.740(4), which provides that a DVO may be effective for up to three years, and thereafter may be reissued for additional periods of up to three years each. Appellant argues that the same factors supporting the original DVOs and their extensions, to wit, Appellee's mental health condition and past threats, continue to be relevant factors requiring a second extension to the 2017 DVO. Appellant asserts that Appellee has severe mental health issues, is prone to violence, and shares the same personality disorder that makes mass shooters prone to violence. She argues that Appellee cannot be trusted in his claim of sobriety and that, even if he were sober, he is still mentally ill and dangerous. Appellant contends that her 2017, 2020, and 2023 testimony as to Appellee's personality disorders, taken alone, forms a rational basis for her fear that domestic violence will occur in the future. Accordingly, Appellant argues that

she was entitled to an order extending the 2020 DVO for another three years and the Jefferson Circuit Court erred in failing to so rule.

The express language of KRS 403.740 provides that a circuit court is vested with discretion in determining whether to enter a DVO. KRS 403.740(1) states that "the court *may* issue a domestic violence order" if it finds by a preponderance of the evidence that certain factors are met. (Emphasis added.) The discretionary nature of this authority has been recognized by Kentucky's appellate courts. *See Hohman v. Dery*, 371 S.W.3d 780, 782 (Ky. App. 2012), stating that "[a] court *may* grant a DVO, following a full hearing, if it finds from a preponderance of the evidence that an act or acts of domestic violence and abuse have occurred and may again occur[.]" (emphasis added) (internal quotation marks and citation omitted). The discretionary nature of this authority is also reflected in our standard of review, which centers on whether the circuit court's findings were clearly erroneous, and if the decision constituted an abuse of discretion. *Gibson*, *supra*.

In the matter before us, evidence was adduced that Appellee has had no contact with Appellant, except in a courtroom, since 2017. Further, there have been no allegations of domestic violence or threats of violence during that time. While proof of additional acts of domestic violence is not required in order to extend a DVO, the absence of domestic violence is a factor which may be

considered in determining whether to issue or extend a DVO. *Cottrell v. Cottrell*, 571 S.W.3d 590, 592 (Ky. App. 2019).

The Jefferson Circuit Court's finding that Appellee had no contact with Appellant outside a courtroom since 2017 is supported by the record, and therefore is not clearly erroneous per *Gibson*, *supra*. Appellant argues that the circuit court improperly relied on Appellee's claim that he has been sober for several years. *Arguendo*, even if Appellee has mental health issues as Appellant asserts, and cannot be trusted on his claim of sobriety, the years of no contact between the parties – which Appellant does not contest – form a sufficient basis for concluding that the circuit court's ruling is not arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *English*, *supra*. While the record arguably may have been sufficient to support the extension of the DVO, it also contains a sound basis for the denial of Appellant's motion. This being the case, the circuit court's ruling does not constitute an abuse of discretion. *Id.*

## CONCLUSION

For these reasons, we affirm the July 20, 2023 order of the Jefferson Circuit Court denying Appellant's motion to extend the DVO.

ALL CONCUR.

BRIEF FOR APPELLANT:          NO BRIEF FOR APPELLEE.

Robert Frederick Smith
Louisville, Kentucky