RENDERED:  AUGUST 26, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0171-ME

P.J.S.                                                                                    APPELLANT

v.                          APPEAL FROM JEFFERSON CIRCUIT COURT
                            HONORABLE TARA HAGERTY, JUDGE
                            ACTION NO. 20-D-502097-002

K.M.S.                                                                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, LAMBERT, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  P.J.S. ("Appellant") appeals from a domestic violence

order ("DVO") of the Jefferson Circuit Court, Family Division, restraining him

from contact with K.M.S. ("Appellee") for three years.  Appellant argues that the

circuit court erroneously determined that he committed acts of domestic violence

against Appellee and improperly found that she is at risk of future acts of domestic

violence.  After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

The parties are in the midst of a dissolution of marriage proceeding. On December 30, 2021, Appellee filed a petition for emergency protection against Appellant in Jefferson Circuit Court, Family Division. In response, Appellant filed two petitions for emergency protection against Appellee. In support of Appellee's petition, she alleged that Appellant forced her to have sexual intercourse without her consent multiple times, video recorded these encounters, and posted them online. She also claimed that Appellant engaged in other abusive behaviors including threatening to sell her into prostitution and threatening to have her deported. According to the record, Appellee came to America to take part in the "90 Day Fiancé" television show or one of its spin-offs, on which both parties appeared.

A hearing on the parties' motions was conducted on January 18, 2022, which lasted about two hours. Appellee speaks little English, was present without counsel, and was provided with a translator for the hearing. She reiterated the allegations set forth in her petition and made additional claims including that Appellant placed a plastic penis in her vagina against her will, and continued to do so despite her crying and asking him to stop. She claimed that Appellant gave her alcohol and pills to facilitate his abuse. Appellant flatly denied Appellee's claims of sexual and emotional abuse. He noted that the parties' residence was equipped

with cameras and lighting equipment for the television show, and that much of what they did was acting or drama for the cameras.

On January 18, 2022, the circuit court rendered a domestic violence order[1] in which the court found by a preponderance of the evidence that Appellant committed acts of domestic violence and abuse against Appellee and that such acts may occur again. The court made handwritten findings on the order and determined that Appellee's claims were credible. The order prohibited Appellant from contacting Appellee for a period of three years and placed other restrictions on him including barring him from owning a firearm. This appeal followed.

## **STANDARD OF REVIEW**

On review of a domestic violence order, the question is not whether we would have decided the matter differently, rather, we must determine if the circuit court's findings were clearly erroneous and if the decision constituted an abuse of discretion. *Gibson v. Campbell-Marletta*, 503 S.W.3d 186, 190 (Ky. App. 2016). An abuse of discretion occurs if the trial court's ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

---

[1] Administrative Office of the Courts form AOC-275.3.

## ARGUMENTS AND ANALYSIS

Appellant argues that the Jefferson Circuit Court, Family Division, committed reversible error in granting Appellee's petition for a domestic violence order. He contends that the findings of an abuse of power in the relationship, and allegations of sex videos being sold online without Appellee's consent, are not sufficient to support the statutory definition of domestic violence and abuse. Appellant maintains that the acts complained of by Appellee were consensual and therefore were not violent or abusive. He argues that the findings of domestic violence and abuse are contrary to the weight of the evidence, and that the record does not support a finding that Appellee is at risk of future acts of domestic violence and abuse. He seeks an opinion reversing the order on appeal, with instructions to dismiss Appellee's petition.

> Kentucky Revised Statutes (KRS) 403.720(1) defines domestic violence as "physical injury, serious physical injury, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members . . . ." When entering a DVO, the trial court determines that a petitioner has shown by a preponderance of the evidence that an act or acts of domestic violence has occurred and may again occur. *See* KRS 403.750(1). *See also Bissell v. Baumgardner*, 236 S.W.3d 24, 29 (Ky. App. 2007). In order to enter a DVO, the trial court must decide that a petitioner is more likely than not to have been a victim of domestic violence. *Baird v. Baird*, 234 S.W.3d 385, 387 (Ky. App. 2007) (quotations omitted).

*Gibson*, 503 S.W.3d at 189-90.

When considering Appellee's petition, the Jefferson Circuit Court, Family Division, was tasked with determining whether it was more likely than not that Appellee was subjected to sexual abuse by Appellant. *Gibson*, *supra*. In addition to the claim of forced sex, the unwanted recording and publishing of sex videos, and the use of the plastic penis against her will, Appellee alleged that Appellant also threatened to keep her from her children, to sell her into prostitution, and not to allow her access to her immigration and other documents.

Any of the unwanted sex acts alleged by Appellee – taken alone or in concert – are sufficient to support a finding of sexual abuse if the court found such claim or claims credible. The circuit court was not required to make this determination beyond a reasonable doubt. Rather, in order to grant the relief sought in Appellee's petition, the court must consider whether Appellee's claims of domestic violence are more likely than not to be true. *Id.* The trier of fact may believe any witness, in whole or in part, and is best situated to judge the weight and credibility of the evidence. *Miller v. Commonwealth*, 283 S.W.3d 690, 699 (Ky. 2009). When it considered the allegations set out in the petition, in conjunction with Appellee's testimony, the court found that it was more likely than not that Appellee's claims of sexual abuse were true. This satisfies the statutory scheme.

Appellant argues that the court's finding that Appellant exercised undue control over Appellee was not sufficient to grant the DVO. While the court did find an imbalance of power in the relationship and that Appellant exercised control over Appellee, the DVO was based on Appellee's claims of sexual abuse rather than the imbalance of power or other claims made by Appellee.

## **CONCLUSION**

The circuit court found Appellee's claims of sexual abuse to be credible, *i.e.*, more likely than not to be true. *Gibson*, *supra.* The finding of domestic violence is supported by the record and the law, and is sufficient to sustain the DVO. Accordingly, we find no error, and affirm the order of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Gregory Troutman
Louisville, Kentucky

BRIEF FOR APPELLEE:

Miles Devon Skeens IV
Louisville, Kentucky